CHICAGO PNEUMATIC TOOL CO. v. PHILADELPHIA PNEUMATIC TOOL CO.

(Circuit Court, S. D. New York. October 13, 1902.)

1. PATENTS—INFRINGEMENT—DISTRICT OF BRINGING SUIT.
   The circuit court for the Southern district of New York has jurisdiction of a suit for infringement of a patent against a corporation of another state under Act March 3, 1897 [U. S. Comp. St. 1901, p. 589], where defendant has a regular and established place of business in New York City, where its agent, acting under his general authority, accepted an offer and completed a contract of sale for an infringing article, which was recognized by defendant as valid.

2. SAME—SALE TO AGENT OF PATENTEE.
   The fact that a sale of an infringing device was made to an agent of the owner of the patent does not change its character as an act of infringement.

In Equity. Suit for infringement of patent. On motion for preliminary injunction.

John R. Bennett, for the motion.
E. Hayward Fairbanks, opposed.

LACOMBE, Circuit Judge. The defendant with entire propriety refrained from arguing the question of construction of the patent and of infringement. The same questions are now before the court of appeals in this circuit. By so doing, however, it has not waived any of the points presented by the pleadings and papers.

As to the question of jurisdiction, the only controversy is whether or not an infringing device was sold in the city of New York by the

defendant, which concededly has a regular place of business here. This is to be decided, not by the assertions of conclusions which are to be found in the affidavit, but by the facts of the transaction. It seems entirely plain that an offer to buy the infringing device at a named price was made in this city by the purchaser to an agent of the defendant in defendant's regular place of business, and that such agent on behalf of defendant accepted such offer, thus closing a contract of sale, without reference to the headquarters of defendant in Philadelphia. The two telegrams disclose only that the agent asked headquarters if a drill could be shipped on a certain day, and that he was informed that it could, whereupon he himself accepted the purchaser's offer, without receiving or asking for any further authority from headquarters than he apparently already possessed; and that authority was evidently quite sufficient, for, on the strength of the sale the agent had made, the defendant shipped the drill. The facts are not the same as in Westinghouse Electric & Mfg. Co. v. Stanley Electric Mfg. Co. (C. C.) 116 Fed. 641.

There is no force in the suggestion that the sale was made to a purchaser who bought in the interest of complainants, in order to secure proof of infringement. We are not now dealing with any question of damages, but with the mere fact of sale of a device made in conformity to the patent. The sale of such a device is an act of infringement, although it may be made under such circumstances that complainants cannot recover damages for it.

Motion for preliminary injunction is granted.