### LUDINGTON NOVELTY CO. v. LEONARD et al.

### SAME v. FISHER et al.

(Circuit Court of Appeals, Second Circuit. December 8, 1903.)

Nos. 49 and 50.

1. PATENTS—INFRINGEMENT—GAME BOARDS.
   The Haskell patent, No. 602,179, for a game board, *held* void for lack of invention as to claim 1, and not infringed as to claims 3 and 6.

2. TRADE-MARKS—DESCRIPTIVE WORDS—CARROMS.
   The word "Carroms," as applied to a game played with disks on a board, in which the object is to pocket the disks, is not so descriptive of the board or the games played thereon as to preclude its appropriation as a trade-mark therefor. The Haskell registered trade-mark No. 29,775, for the word "Carroms," as applied to game boards, *held* valid and infringed.

3. SAME—SUIT FOR INFRINGEMENT—ACCOUNTING.
   An accounting will not be ordered in a suit for infringement of a trade-mark, where it appears from the evidence in the case that there is no rational rule by which the profits realized by defendant from the use of the name could be estimated.

Appeal and Cross-Appeal from the Circuit Court of the United States for the Southern District of New York.

Affirming decree 119 Fed. 937.

Charles H. Leonard et al., the defendants in the first of the above-entitled actions, are doing business at Grand Rapids, Mich., and manufacturing, among other things, certain game boards which were offered for sale in the

---

¶ 2. Arbitrary, descriptive, or fictitious character of trade-marks and trade-names, see note to Searle & Hereth Co. v. Warner, 50 C. C. A. 323.

Southern District of New York by Alfred J. Fisher et al., the defendants in the second of the above-entitled actions. The complainant, a corporation located at Ludington, Mich., alleges infringement of two separate patents owned by it; and also infringement of its common law and registered trademark "Carroms." The complainant also charges the defendants with unfair competition in trade.

The Circuit Court decided that the patents, if valid, were not infringed, and that there was no proof of unfair competition as distinguished from the mere infringement of the trade-mark. From those portions of the decrees holding no infringement of claims 1, 3 and 6 of the Haskell patent and that the defendants were not guilty of unfair competition the complainant appeals.

The Circuit Court decided further that the complainant had a valid trademark in the word "Carroms" as applied to game boards; that the defendants infringed and that the use of the trade-mark by them should be enjoined. From this portion of the decrees the defendants appeal.

Fred L. Chappell, for complainants.

A. C. Denison, for defendants.

Before LACOMBE and COXE, Circuit Judges, and HAZEL, District Judge.

COXE, Circuit Judge. We are satisfied with the disposition made of the Haskell patent by the Circuit Court. If valid at all, in view of the circumscribed field in which the patentee was compelled to operate, it is manifest that the claims must be limited to cover the precise structures described and shown.

Regarding the first claim of the Haskell patent, the distinguishing feature of which is "a base line on each side of the board extending across the board from the innermost portion of the pocket opening to the corresponding portion of the opposite pocket opening," we are inclined to the opinion that the finding in favor of the defendants should have been based upon want of patentability rather than noninfringement. The line in question is drawn around the board extending across each side from the innermost portion of the pocket openings and is intended to indicate the location from which the disks are to be played. A substantially similar line appears on the defendants' board, but we think it required no exercise of the inventive faculties to draw a line parallel to the rim of the board in all essential particulars like the balk line of a billiard table. The drawing of such a line was within the skill of the calling and was the work of the artisan and not of the inventor.

The assignments of error do not challenge the decision of the Circuit Court in so far as it relates to the Fuller patent.

The validity of the trade-mark in the word "Carroms" was sustained by the Circuit Court of Appeals for the Seventh Circuit in Williams v. Mitchell, 106 Fed. 168, 45 C. C. A. 265. The Circuit Court, after considering the various differences in the proof between that case and the case at bar and the effort of the defendants to distinguish them, says:

"Upon consideration of the whole evidence it seems reasonably clear that this word is not so descriptive of complainant's game board that it could not be fairly adopted as a trade-mark. If the complainant or its assignors had not brought the word into general use as applicable to the style of game board and games in question here, it is not probable that it would have been

generally so used or understood, or that the defendants would have made use of it in the way they have."

In this conclusion we concur.

It is asserted, because the disks, as an incident of the game, strike each other or the cushions and rebound or glance off at an angle, thus, in the broad sense making "carroms," that the word is descriptive of the game. It by no means follows that because carroms occur during the progress of a game, it can be fairly or intelligently described as a carrom game. Carroms, in the broad sense, occur in tennis, hockey, croquet, curling, polo and golf. Even in football carroms of an exceedingly strenuous character are not infrequent. But no one, with the slightest reputation for accuracy, would think of employing the word as descriptive of these or other kindred games. A person who had never seen the complainant's game would form a wholly inadequate conception of its plan and object from the name alone. We are of the opinion that the word "carrom" is not so descriptive of the complainant's game board or the games to be played thereon as to defeat the trade-mark. The whole subject is so fully discussed in the opinion below and in the opinion of the Circuit Court of Appeals in Williams v. Mitchell that further comment is unnecessary. Except by the use of the trade-mark the defendants have not been guilty of unfair competition and when that use was discontinued the complainant's rights were fully safe-guarded.

We see no reason to differ with the Circuit Court in its refusal to order an accounting. If we could discover any theory upon which a substantial recovery might be had we would not hesitate to direct a reference, but it is plain that such a proceeding will prove abortive after subjecting both parties to large additional expense and the defendants to unnecessary annoyance. The master would be involved in an inextricable tangle from which it will be impossible to emerge with a substantial recovery based upon a rational rule of damages. The boards sold by the defendants, and which they had a right to sell, were intended to be used in connection with a large number of games in the description of some of which the word "Carrom" might, in certain aspects, be used innocently. An attempt to segregate the profits, if any, resulting from the illegitimate use of the word would require an excursion into the realms of conjecture and speculation without hope of any tangible result.

The decree of the Circuit Court is affirmed. but without costs.