JULIUS KESSLER & CO. v. GOLDSTROM.

(Circuit Court of Appeals, Eighth Circuit.   March 22, 1910.)

No. 3,062.

1. TRADE-MARKS AND TRADE-NAMES (§ 87*)—INFRINGEMENT—INJUNCTION.
    Where defendant in fact sold three bottles of whisky bearing complain-
    ant's trade-mark, but which was a spurious article prepared by defendant,
    to complainant's detectives, and it was also shown that defendant had
    in his possession a supply of labels carrying complainant's trade-mark,
    which might be easily affixed to spurious goods, so as to palm it off on
    the public for complainant's straight whisky, the fact that the sale to
    the detectives was by complainant's solicitation did not preclude com-
    plainant from an injunction, under the rule that a plaintiff cannot recover
    damages for an act done by defendant at plaintiff's solicitation.
       [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
    Dig. § 96; Dec. Dig. § 87.*]

2. TRADE-MARKS AND TRADE-NAMES (§ 66*)—UNLAWFUL COMPETITION—IN-
    JUNCTION.
       Defendant's acts constituted a continuing menace to complainant's busi-
    ness, entitling complainant to injunctive relief.
       [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec.
    Dig. § 66.*
       Unfair competition in use of trade-mark or trade-name, see notes to
    Scheuer v. Miller, 20 C. C. A. 165; Lare v. Harper & Bro., 30 C. C. A. 376.]

3. TRADE-MARKS AND TRADE-NAMES (§ 98*)—INFRINGEMENT—PROFITS—DAM-
    AGES.
       An accounting of profits resulting from the infringement of a trade-
    mark will be denied, where the damages or profits are trivial or dispro-
    portionate to the expense of taking an account.
       [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent.
    Dig. § 112; Dec. Dig. § 98.*]

Appeal from the Circuit Court of the United States for the District
of Nebraska.

Suit by Julius Kessler & Co. against Solomon S. Goldstrom.   From
a decree dismissing the bill, complainant appeals.   Reversed and re-
manded, with instructions.

James L. Hopkins, for appellant.
Sylvester R. Rush, for appellee.

Before HOOK and ADAMS, Circuit Judges, and AMIDON, Dis-
trict Judge.

ADAMS, Circuit Judge.   This is an appeal from the decree of the
Circuit Court dismissing complainant's bill, brought to secure an in-
junction against infringement of a trade-mark and for an accounting.

It being conceded that complainant, Kessler & Co., was the owner
and entitled to the sole and exclusive use of the words "W. H. Mc-
Brayer" as a trade-mark in the sale of whisky, the only question for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decision is whether defendant, Goldstrom, has infringed that trademark. The facts are these: Complainant, having reason to suspect the defendant, employed two detectives to visit him at his place of business and ascertain the facts. They went, and (omitting unnecessary details) asked if they could buy some "W. H. McBrayer" whisky. A purchase of three bottles resulted, each bearing complainant's trademark. The testimony concerning the negotiation is somewhat conflicting. The defendant testified that he informed the purchasers that the liquor sold to them was not the genuine McBrayer whisky. Complainant's witnesses testified that defendant did not so inform them. This conflict, if material, is irreconcilable; and it behooves us to look elsewhere for truth.

It is undisputed that defendant sold whisky, which was not genuine "W. H. McBrayer" whisky, with a label on the bottles showing that it was. The contents of two of these bottles were analyzed by a competent chemist, and found to be an immature alcoholic solution, with beading oil added to make it look attractive. The same chemist analyzed complainant's "W. H. McBrayer" whisky, and found it to be a well-matured, genuine whisky. In fact, defendant admits that what he sold was not genuine whisky, but was a liquor of an inferior kind, which he had put up. It is also undisputed that defendant had in his possession a supply of labels carrying complainant's trade-mark. These were conveniently at his place of business; but defendant claims that he had them to affix to packages of complainant's genuine whisky when he sold it. His present contention is that proof of the sale of the three bottles in question (the same being all that were affirmatively shown to have been improperly sold by defendant) to emissaries of complainant is not sufficient to warrant a decree as for an infringement. The learned trial judge so ruled, saying:

"It is a fundamental rule of law that a plaintiff has no cause of complaint against a defendant for damages resulting from an act done by defendant at the instance and solicitation of plaintiff."

If this were an action for damages, the rule so announced would doubtless be applicable. But is it applicable and controlling in this equitable proceeding? The proof shows that defendant made improper use of complainant's trade-mark. He affixed it to whisky of a kind and value inferior to complainant's, and sold that whisky with the assurance, necessarily conveyed by the appearance of the trade-mark upon it, that it was genuine "W. H. McBrayer" whisky. This conduct disclosed a purpose on defendant's part to injure the reputation of complainant's whisky. It amounted to palming off an inferior quality of his own for complainant's superior quality. Notwithstanding the fact it was sold to emissaries of complainant, it disclosed defendant's intent and purpose exactly the same as if it had been sold to a real purchaser. Defendant did not know at the time that the purchasers were acting for complainant, and his motives and action must obviously be judged from the viewpoint of his own understanding of the facts.

Our conclusion is that the facts in evidence, with the reasonable

inferences which common experience and observation require us to draw from them, disclose a continuing menace to complainant's business, which, under familiar principles of equity, entitles it to injunctive relief. Similar proof has been held to justify an injunction in the following cases: Lever Bros. v. Pasfield (C. C.) 88 Fed. 484; Chicago Pneumatic Tool Co. v. Philadelphia Pneumatic Tool Co. (C. C.) 118 Fed. 852; Badische Anilin & Soda Fabrik v. A. Klipstein & Co. (C. C.) 125 Fed. 543. The case of Kahn v. Gaines & Co., 88 C. C. A. 437, 161 Fed. 495, upon which defendant relies, does not seem to militate against the conclusion reached by us. It rests on different facts and involves different questions.

It results that the learned trial court erred in refusing to grant an injunction restraining infringement. That should have been done.

We are, however, of opinion that the facts of the case do not justify a decree for an accounting. In the case of Regis v. Jaynes & Co., 191 Mass. 245, 247, 77 N. E. 774, the Supreme Judicial Court of Massachusetts, in an exhaustive opinion in a trade-mark case, said:

"If it appears that the amount of damage to the plaintiff or of profits realized by the defendant is only insignificant, or that no actual damage has been sustained, the court may confine its relief to an injunction against any future infringement."

The rule, we think, is that where damages or profits are trivial, or disproportionate to the expense of taking an account, a decree for that purpose should not be entered. Saxlehner v. Siegel-Cooper Co., 179 U. S. 42, 21 Sup. Ct. 16, 45 L. Ed. 77; Bradford v. Belknap Motor Co. (C. C.) 105 Fed. 63; Little v. Kellam (C. C.) 100 Fed. 353, 355. It is difficult to conceive of a case in which the foregoing rule would be more applicable than in this.

The decree is accordingly reversed, and the cause remanded to the Circuit Court, with instructions to award complainant an injunction as prayed for in its bill, and otherwise to conform to the views expressed in this opinion.