***

## RUSHMORE v. BADGER BRASS MFG. CO.

(Circuit Court of Appeals, Second Circuit.   May 31, 1912.)

No. 231.

1. TRADE-MARKS AND TRADE-NAMES (§ 79*)—UNFAIR COMPETITION—IMITATING DRESS OF COMPETITOR.

Where it appears that a competitor has unnecessarily and knowingly imitated his rival's goods in nonfunctional features, a court of equity is justified in interfering by injunction.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 89, 90; Dec. Dig. § 79.*

Unfair competition in trade, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES (§ 98*)—UNFAIR COMPETITION—ACCOUNTING.

Defendant *held* chargeable with unfair competition in imitating in shape, appearance, and general design brass automobile lamps made by complainant, but liable only for profits made on such sales, as it is shown by direct or presumptive evidence that complainant would have made but for defendant; it appearing that to a large extent defendant's lamps were sold on their merits and on defendant's reputation, without any reference to their resemblance to complainant's.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 112; Dec. Dig. § 98.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Samuel W. Rushmore against the Badger Brass Manufacturing Company.   Decree for complainant, and defendant appeals.   Modified and affirmed.

Appeal from a decree holding the defendant guilty of unfair competition in making motor lamps in imitation of similar lamps designed by the complainant and granting an injunction and an accounting.

Offield, Towle, Graves & Offield and Philip B. Adams (Charles K. Offield and Albert H. Graves, of counsel), for appellant.

Alfred Wilkinson, for appellee.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM.   We have examined the record with care to ascertain if there is any testimony which distinguishes this case from Rushmore v. Manhattan Screw & Stamping Works, 163 Fed. 939, 90 C. C.

***

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. 299, 19 L. R. A. (N. S.) 269, and Rushmore v. Saxon, 170 Fed. 1021, 95 C. C. A. 671.

In the Manhattan Case the Circuit Court found:

"That the shape, appearance, external attachments, and general dress of the Rushmore lamp are not functional and are not elements of mechanical construction essential to the successful practical operation of the lamp as a lamp."

We agreed with this finding, and because of it affirmed the order, stating, however, that the conclusion carried the doctrine of unfair competition to its utmost limit. We think the doctrine should not be further extended, but there is no occasion for extending it so far as the case at bar is concerned. In all essential particulars the facts are the same.

Slight differences exist between the defendant's lamps and those of the complainant, but these differences are unimportant and are no more pronounced than in the cases above referred to. The ordinary purchaser of an automobile is often ignorant of the actual merits and value of the articles he purchases and is influenced largely by general appearance rather than details of construction. He sees a speedometer, a lamp, a clock, or some other of the numerous motor car attachments, which is pleasing to the eye, and, having ascertained the name of its maker, resolves to have it on his car. If the general appearance be the same, he does not examine further, and is entirely satisfied that the device he buys is what he intended to buy. This is true of the careless, credulous, and ignorant purchasers, who are certainly as numerous in this as in any other field of business, and depend largely upon the statements of local dealers and the chauffeurs who drive their cars.

[1] An expert and probably a great majority of automobile purchasers could not be deceived into taking the defendant's lamp, in evidence, for the Rushmore lamp, but the ignorant or careless purchaser looking to general effect, and not to what seems to him to be inconsequential details, would, very likely, be misled. Such simulations place in the hands of dishonest dealers and agents the materials for misleading and cheating the public. It is unnecessary to dwell on these considerations as they have been stated many times by this court and need not be repeated. When it appears that a competitor has unnecessarily and knowingly imitated his rival's goods in nonfunctional features, a court of equity is justified in interfering. Further than this we do not intend to extend the doctrine.

[2] The defendant asks that it be relieved from an accounting, or, at least, that the accounting be limited to the damages actually sustained and proved by the complainant. We are inclined to think that the latter request is reasonable and should be granted.

The defendant's brief states that it appeared at the hearing in the Circuit Court that the defendant "had long ceased making or selling any of the type of lamps in issue." The testimony that the defendant, or its agents, attempted to palm off its lamps as Rushmore lamps, is unsatisfactory and unconvincing.

We are also convinced that the great majority of the defendant's

lamps were sold on their merits and on the established reputation of the defendants, without any reference to the complainant's lamps. To award the entire profits made on the sales of defendant's lamps without proof of actual fraud on its part would be inequitable. An accounting covering the entire field of the defendant's sales would involve both parties in a long and expensive examination unwarranted by the probable results. It seems to us unfair that the complainant should recover profits on the sale of lamps by the defendant to persons who never heard of Rushmore, and were well aware that the lamps they bought were made by the defendant, and who bought them because they were so made. A decree for profits and damages does not necessarily follow a decree for an injunction.

In Ludington Novelty Co. v. Leonard, 127 Fed. 155, 62 C. C. A. 269, this court said:

"We see no reason to differ with the Circuit Court in its refusal to order an accounting. It we could discover any theory upon which a substantial recovery might be had. we would not hesitate to direct a reference, but it is plain that such a proceeding will prove abortive after subjecting both parties to large additional expense and the defendants to unnecessary annoyances. The master would be involved in an inextricable tangle from which it will be impossible to emerge with a substantial recovery based upon a rational rule of damages. The boards sold by the defendants and which they had a right to sell were intended to be used in connection with a large number of games in the description of some of which the word 'Carrom' might, in certain aspects, be used innocently. An attempt to segregate the profits, if any, resulting from the illegitimate use of the word would require an excursion into the realms of conjecture and speculation without hope of any tangible result."

See, also, Fairbank Co. v. Windsor, 124 Fed. 200, 61 C. C. A. 233.

We think the accounting should be limited to sales where it is shown by direct or presumptive evidence that the complainant would have sold the lamps but for the sale by the defendant.

As so modified, the decree should be affirmed, with costs.