AMERICAN ELECTRIC WELDING CO. et al. v. LALANCE & GROSJEAN MFG. CO.

(District Court, D. Massachusetts. July 31, 1917.)

No. 809.

1. PATENTS ⬦288—INFRINGEMENT SUITS—JURISDICTION—NONRESIDENT DEFENDANT—"REGULAR AND ESTABLISHED PLACE OF BUSINESS."

A New York manufacturing corporation, whose only business done in Massachusetts was to maintain a room in Boston in charge of a salesman, with one stenographer, such salesman soliciting and forwarding orders, which were passed on and, if accepted, filled, and collections made by the company from New York, *held* not to have a "regular and established place of business" in Massachusetts, within Judicial Code, § 48 (Comp. St. § 1030), and not subject to suit for infringement in that district.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Established Place of Business.]

2. PATENTS ⬦288—INFRINGEMENT SUITS—JURISDICTION—"PLACE OF BUSINESS" IN DISTRICT.

A "place of business" of a foreign corporation, which renders it subject to an infringement suit in that district, under Judicial Code, § 48 (Comp. St. § 1030), is not any place where transactions relating to its business may

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be carried on, but a place where it does such business as makes it "found" within the district for purposes of service.

[Ed. Note.—For other definitions, see Words and Phrases. First and Second Series, Place of Business.]

3. PATENTS ⬤⟶288—INFRINGEMENT SUIT—JURISDICTION—DISTRICT OF INFRINGEMENT.

A foreign corporation *held* not to have sold alleged infringing articles in a state, because a clerk in the office of its solicitor there, who was without authority, and so stated, was induced to receive money in payment for an order for goods left with her, which was forwarded for acceptance by the company in accordance with its usual course of business.

In Equity. Suit by the American Electric Welding Company and others against the Lalance & Grosjean Manufacturing Company. On plaintiffs' motion for preliminary injunction filed June 15, 1917, and on defendant's motions to quash service of process and dismiss bill for want of jurisdiction, filed June 26, 1917. Defendant's motions granted.

Van Courtlandt Lawrence, of Boston, Mass., for plaintiffs.

Choate, Hall & Stewart, and Charles F. Choate, Jr., all of Boston, Mass., for defendant.

DODGE, Circuit Judge. The defendant has appeared specially to assert want of jurisdiction in the court, and this objection is first to be considered.

The bill charges the defendant with infringing the Harmatta patent, No. 1,046,066, which the Court of Appeals for this circuit has heretofore held valid and infringed by a Massachusetts citizen in a suit brought by Thomson Electric Welding Company against Barney & Berry, Incorporated. See 227 Fed. 428, 142 C. C. A. 124; 236 Fed. 1022, 149 C. C. A. 671. In two other suits pending in this court against Massachusetts citizens, injunctions have been issued since the above decision, as set forth in paragraphs 7–9 of the bill.

[1] 1. From the affidavits submitted, it appears without dispute that before December, 1915, the defendant maintained a Boston branch, where a stock of goods, all manufactured by it in New York, and presumably including goods embodying the patented invention, were kept for sale, but that it discontinued said branch in December, 1915, pursuant to a directors' vote on June 22, 1915, disposed of the stock of goods, and thereafter did in Boston no business, except as below stated. The Court of Appeals decision referred to above was on October 5, 1915.

Whatever business has been since done on the defendant's account in Boston has been done in one room, No. 404, at 261 Franklin street, in charge of George A. Bath, employed by it as salesman, who has solicited orders for its goods and has been there assisted only by a Miss Edwards, employed as clerk and typewriter. A few samples brought from the former place of business have been kept there, but no stock of goods.

Bath has had no authority from the defendant to accept any order for goods made to him, or to make any sale, whether for cash or on credit. All orders received by him have been forwarded to the de-

fendant in New York. They do not bind the defendant, unless and until there accepted by it. After transmitting an order, he has performed no further duties in connection with the goods ordered. All orders have been filled at the New York factory. Bills for all goods so ordered and forwarded are sent from New York direct to purchasers, and remittances in payment thereof have been made direct to the defendant in New York. No manufacturing has been done by the defendant, nor any of its books of account kept, in Massachusetts; nor has it had any bank account in said state.

[2] "Place of business," in section 48 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. § 1030]), is understood to mean, not a place at which any transactions having any reference to the foreign corporation are carried on, but a place at which it does such business as makes it "found" within the district for purposes of service; i. e., business carried on in such manner and to such an extent as will warrant the inference that it is present there through its agents. Business being done within the district in this sense, and acts of infringement done therein appearing, section 48 is understood to impose the further requirement, as necessary to jurisdiction, that it be done at a regular and established place, but not to imply that jurisdiction may be obtained without showing that the business done within the district is of the above character.

So long as it followed in Boston only the course of business above described, I do not think the defendant can be said to have been doing business at the Franklin street office in the necessary sense. Its representative there found only took and forwarded orders to its home office in New York for acceptance or rejection. Green v. Chicago, etc., Co., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; Tyler Co. v. Ludlow-Saylor, etc., Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808; General, etc., Co. v. Best (D. C.) 220 Fed. 347. That his authority from the defendant enabled him to complete transactions there on its behalf, or to represent it there in negotiations so as to bind it, as in St Louis, etc., Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, does not appear, nor that he ever assumed to exercise such authority there. Only in the solitary instance below considered is there any claim that said course of business was departed from in any respect.

If the above conclusion is wrong, and the business done as above in Massachusetts is to be regarded as sufficient in character to make it liable to service of process therein, I see no reason to doubt that the requirement of a regular and established place of business is satisfied. The defendant's name appeared in full on the office door, with "George A. Bath, Manager," following. Its name appeared also in the directory at the entrance of the building as occupant of the office, and in the telephone directory as having its telephone address there. There is no claim that the office was shared with any one else. Whether the defendant or Bath was lessee of the office does not appear, but, although Bath advanced the monthly rent as it fell due, the defendant reimbursed him in their next monthly accounting for office expenses. But these facts go no further, in my view, than to show a regular and

established place for receiving and transmitting communications to or from the company in New York, which is not enough for the plaintiff's purpose.

[3] 2. Is the defendant shown to have committed acts of infringement in Massachusetts? The course of business shown as above certainly involved no such acts, and, as has been said, only one instance appears of any departure from it whatever. On January 11, 1917, one Landeck, employed for the purpose by the plaintiff, went into the office in Bath's absence and prevailed on Miss Edwards, whom he found there alone, to let him leave with her an order for certain articles, which he indicated to her from a copy of the defendant's catalogue kept there by her for her personal use in performing her duties as clerk and typewriter. He ordered them to be delivered to one Kamins, at a store kept by Kamins at 504 Massachusetts avenue, in Cambridge. Although she told him she would have to submit the order to the defendant in New York, that it would take some time before the articles could be shipped, and that he would receive from New York an invoice when they were shipped, he also persuaded her to figure up the amount of the catalogue prices and let him leave $12.36, the amount thus ascertained, with her. Although she told him the billing was done in New York, and that she had no way of making out a bill, he further persuaded her to make out and give him a memorandum of said articles and prices on an old letter head of the defendant, followed by a receipt in its name and her initials. The money she afterward gave to Bath, whose personal check she mailed to the New York office with the order. Landeck had at the time no authority from Kamins, who, however, afterward consented to receive the articles when they came. They were subsequently shipped by the defendant from New York, and reached Kamins April 2, 1917. Among them were articles now produced as exhibits, welded according to the method of the patent.

A sale of infringing articles may no doubt be proof of infringement, such as will warrant a preliminary injunction, notwithstanding that it has been induced and procured by the plaintiff, who cannot, for that reason, claim to have been damaged by it. But this is because of its tendency to show a regular course of business involving infringement and an intent to infringe. Chicago, etc., Co. v. Philadelphia, etc., Co. (C. C.) 118 Fed. 852; Badische, etc., Co. v. Klipstein (C. C.) 125 Fed. 556; Dick v. Henry (C. C.) 149 Fed. 429, 430; Kessler, etc., Co. v. Goldstrom, 177 Fed. 392, 394, 101 C. C. A. 476. The circumstances attending this alleged infringing sale prevent me from regarding it as tending to show any such course of business or any such intent; and I should not, therefore, consider it sufficient ground for a preliminary injunction, supposing jurisdiction to exist. Nor can I consider it proof of a completed infringing sale made in Massachusetts. Though he left the money with Miss Edwards, who had no authority from the defendant to take it, I think her statement that she would have to submit the order required Landeck to understand that the company was still at liberty to refuse both the order and the money. I do not agree with the plaintiff that her receipt of the money "nullified and set aside"

what she had told him about submitting the order. If the defendant afterward decided to accept the money and fill the order, it did this in New York. I therefore hold that acts of infringement in Massachusetts are not shown.

3. It follows that the service of the subpœna, which was by copy delivered to "George A. Bath, manager," at the office referred to, cannot be held due service on the defendant. Though representing the defendant there for certain purposes, Bath is not shown to have been its agent in the sense required by section 48.

4. These conclusions require allowance of the motions to quash and to dismiss. Jurisdiction not appearing, of course, no injunction is to issue. It is obviously better, as was remarked in General, etc., Co. v. Best, etc., Co. (D. C.) 220 Fed. 348, that such litigation should be conducted before a court whose jurisdiction is not open to the possibility of successful challenge. Since the first-named plaintiff and the defendant are both New York citizens, such a court is readily accessible.

Decrees in accordance with the above may be submitted. The dismissal ordered, being for want of jurisdiction, is to be without costs.