## COCA–COLA CO. v. CLEO SYRUP CORPORATION.

Civil Action No. 1630.

District Court, E. D. Missouri, E. D.

April 7, 1944.

Fordyce, White, Mayne, Williams & Hartman, of St. Louis, Mo., for plaintiff.

Ralph Kalish and Paul L. Hale, both of St. Louis, Mo., for defendant.

HULEN, District Judge.

Plaintiff has successfully prosecuted against the defendant a suit to enjoin the defendant from infringing upon the trademark "Coca-Cola" and in engaging in unfair competition. See Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416.

Plaintiff now seeks the appointment of a master to determine whether the decree heretofore rendered in this cause is being complied with and to ascertain "profits", if any, which have accrued to defendant

by virtue of the infringement and damages, if any, sustained by plaintiff. Defendant opposes the appointment of a master on the following grounds:

(1) That, by decree of the Court in this case, no accounting of profits or damages was to be allowed plaintiff; and

(2) That any damages sustained by plaintiff, or profits to defendant, could only have been nominal and would be impossible of ascertainment.

Defendant's counsel handed to the Court, after oral argument, a volume of the Abstract of the Record in this case, which was filed in the United States Circuit Court of Appeals. The Court has taken the liberty of examining briefs filed by the parties in the Appellate Court in this case.

Paragraph 4 of the Conclusions of Law of the trial Judge, the Honorable J. C. Collet, contains this sentence: "Plaintiff is entitled to injunctive relief and to an accounting".

The decree ordered: "That no accounting for the ascertainment of past profits and damages from the use of the infringing name Cleo-Cola shall be had until and unless on motion of plaintiff it be shown that the continued infringement is imminent or that the past actions of the defendant makes an accounting appropriate and necessary". And now defendant relies on same as supporting its position in opposition to the order now requested.

Number 42 of defendant's "Points to be Relied upon", as contained in Appellant's brief, filed in the Court of Appeals, reads as follows: "The District Court erred in decreeing an accounting under any circumstances against appellant for profits and damages". The Point does not appear specifically to have been briefed or passed upon by the Appellate Court. We mention this record as indicating the understanding of the action taken by the trial Court.

We see no conflict between the language of the decree and paragraph 4 of the Court's Conclusions of Law. We think the decree entirely proper in holding that an accounting would only be had if— "on motion of plaintiff it be shown * * * an accounting appropriate and necessary". The holder or user of a trademark who successfully prosecutes an action against one infringing its use is not thereby entitled to an accounting of profits and damages as a matter of right. See Ludington Novelty Co. v. Leonard et al., 2 Cir., 127 F. 155; Valvoline Oil Co. v. Havoline Oil Co., D.C., 211 F. 189; Allen v. Walker & Gibson, D.C., 235 F. 230, loc. cit. 248. We do not believe the circumstances described in the cases just cited apply to this action as now presented. But in order to make an accounting "appropriate and necessary" there are certain conditions and rules, applicable in the present case. The burden is on plaintiff to prove that the defendant has made "profits attributable, in whole or in part, to its trade-mark". Ammon & Person v. Narragansett Dairy Co., 1 Cir., 262 F. 880, loc. cit. 884. Plaintiff seeking damages has the burden of proof. Dickinson v. O. & W. Thum Co., 6 Cir., 8 F.2d 570. The damages or profits, to be recoverable, must be substantial and not nominal. Peerless Rubber Mfg. Co. v. Nichol, C.C., 187 F. 238. We have mentioned matters with reference to a premise for making an accounting "appropriate and necessary" because there seems to be a dispute between counsel as to why the language was used in the decree with reference to an accounting and its meaning. To this Court the reason and meaning is perfectly plain.

There is evidence in the record indicating sales of defendant's product to customers requesting plaintiff's product. This evidence alone would not support the appointment of a master for accounting. See Kessler & Co. v. Goldstrom, 8 Cir., 177 F. 392. But a reading of the findings of fact, conclusions of law and decree of the District Judge and opinion of the Court of Appeals makes it plain that no effort was made at the trial to lay the basis for an accounting or recovery of damages. Such was not the issue tried. But the issue tried and decided resulted in the trial Court finding, as a matter of law, that plaintiff was entitled to an accounting. This finding has the approval of the Court of Appeals.

When this motion was submitted, the Court was concerned with whether plaintiff had the burden of making a prima facie showing of profits to which it was entitled and damages sustained, prior to the appointment of a master. The date when defendant commenced to use the trademark, which has been held to be an infringement on the trade-mark "Coca-Cola", does not appear in the findings of the

trial Judge nor the briefs filed in the appellate court. However, it would appear that defendant had been using the trademark found to be an infringement, for some period of time prior to the decree of the trial Judge. Plaintiff has filed a motion for the appointment of a master, verified by counsel, in which it is alleged that defendant's conduct has resulted in substantial damage and loss of profit to plaintiff. We can understand why this motion did not allege profits had been made by defendant. We cannot presume that plaintiff would press a motion for appointment of a master if only nominal damages and profits would be the ultimate result. Under these circumstances we believe the ruling of the Sixth Circuit in Merriam Co. v. Saalfield, 198 F. 369, loc. cit. 371 is in point: "The usual practice contemplates an accounting and that such practice should be followed, and an accounting ordered, unless it is made clearly and certainly to appear that neither upon the existing record, nor upon any record which complainant can make before the master, could there be any substantial recovery."

It was held by this Court, in an opinion by Judge Faris, in Pease et al. v. Scott County Milling Co., 5 F.2d 524, that in a case where the defendant honestly believed he had a right to use the trade-mark involved, an accounting was due the plaintiff subsequent to the filing of the bill of complaint.

Here we have a case where the District Court and the Court of Appeals found that the action of the defendant, in making up and using trade-mark found to have been an infringement, "was deliberately brought about by the defendant".

It will not be ordered, but the master may decide to consider the desirability of first determining that the amount involved, and for which a recovery can be had, is substantial before proceeding with the accounting proper. Gallet et al. v. R. & G. Soap & Supply Co., 2 Cir., 254 F. 802, loc. cit. 805. Such circumstances as we have discussed being shown to exist, an accounting should follow. See Wolf Bros. & Co. v. Hamilton-Brown Shoe Co., 8 Cir., 206 F. 611, and the same case on appeal to the Supreme Court of the United States, 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629.

Plaintiff's motion for appointment of a master should be and is sustained.