## SMITH v. WESTERN PAC. RY. CO.

(Supreme Court, Appellate Division, First Department.   May 6, 1910.)

CORPORATIONS (§ 668*)—ACTION AGAINST FOREIGN CORPORATION—SERVICE OF
PROCESS—VALIDITY.

In an action against a foreign corporation, service was made on the president and general counsel resident in New York City, where all the members of the executive committee of the board of directors also resided and met to attend to the corporate business. By a first mortgage it had agreed that, till payment of the principal of the bonds secured thereby, it would keep an office or agency in that city where bonds and coupons could be presented for payment. An assistant secretary had an office there, where stock was transferred and registered. The contract sued on was made there, and plaintiffs' services thereunder were performed and partly paid for in that city. *Held*, that the service was good, and that a motion to set it aside on the ground that it did no business and had no property in the state, and could not be brought within the jurisdiction of the court by such service, should have been denied.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2610–2615; Dec. Dig. § 668.*]

Appeal from Special Term, New York County.

Action by Charles E. W. Smith against the Western Pacific Railway Company.   From an order appointing a referee to take proof and report, on a motion to vacate service of summons and complaint, defendant appeals.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Byrne & Cutcheon (F. Wm. Cutcheon, of counsel, and Wm. R. Begg, on the brief), for appellant.

Hardin & Hess (Thomas B. Hardin, of counsel), for respondent.

CLARKE, J.   A motion was made to set aside the service of the summons and complaint upon the Western Pacific Railway Company, a California corporation.   The Special Term made an order appointing a referee "to take proof concerning the disputed questions of fact arising upon said motion, and report said proofs together with his opinion thereon."   The defendant appeals.

The service was made upon Edward T. Jefferey, the president of the defendant, in the city of New York; the said Jefferey being a resident of said city.   The motion was made upon the ground that said foreign corporation does no business and has no property in the state of New York, and cannot be brought within the jurisdiction of the courts of this state by the service of process upon its president.   It appears: That not only the president and its general counsel, but all the members of the executive committee of the board of directors, of the defendant, reside in New York, and that said committee meets in said city from time to time and attends to the business of the company. That a first mortgage has been executed in the state of New York and delivered by the defendant company to the Bowling Green Trust Company, of said city, as trustee to secure an issue of $50,000,000 of

30-year 5 per cent. gold bonds, and that said mortgage contains the following provision:

"The railway company covenants and agrees that at all times until the payment of the principal of the bonds secured by this indenture it will keep an office or agency in the city of New York where bonds and coupons may be presented for payment."

That an assistant secretary of the company, who is the transfer agent, resides and has an office in said city, where stock is transferred, registered, and delivered. That the contract with the company, for breach of which this suit was instituted, was made in the city of New York. That plaintiff's services under said contract were performed in said city and part payment therefor there made.

We think, upon these facts, as shown upon this record, the service upon the defendant was good, and that the motion to set aside the service should have been denied. The case is controlled by Grant v. Cananea Consolidated Copper Co., 189 N. Y. 241, 82 N. E. 191. There was no necessity for a reference, and it should not have been ordered. Buchholtz v. Florida East Coast R. Co., 59 App. Div. 566, 69 N. Y. Supp. 682.

The order appealed from should be reversed, with $10 costs and disbursements, and the matter remitted to the Special Term for decision. All concur.

---

## In re FOX.

(Supreme Court, Appellate Division, Second Department. April 29, 1910.)

1. CONSTITUTIONAL LAW (§ 309*)—DUE PROCESS OF LAW—INSANE PERSONS—INQUISITIONS—NOTICE.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 929, 930; Dec. Dig. § 309.*]

2. INSANE PERSONS (§ 19*)—INQUISITIONS—POWER OF COURT.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 24, 27; Dec. Dig. § 19.*]

3. INSANE PERSONS (§ 19*)—INQUISITIONS—POWER OF COURT.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes