GENERAL ELECTRIC CO. v. BEST ELECTRIC CO. et al.

(District Court, S. D. New York.   November 24, 1914.)

No. 12–15.

PATENTS &#x29B7;288—SUIT FOR INFRINGEMENT—JURISDICTION OF NONRESIDENT
DEFENDANT—"REGULAR AND ESTABLISHED PLACE OF BUSINESS."

A nonresident corporation, having its principal place of business in another state, does not have a "regular and established place of business" in the Southern district of New York, within the meaning of Judicial Code (Act March 3, 1911, c. 231) § 48, 36 Stat. 1100 (Comp. St. 1913, § 1030), so as to subject it to a suit for infringement therein, because it has a sales agent, who maintains an office in New York City at his own expense, and who merely takes orders for goods on commission, which are accepted and filled by the corporation at its principal office, where it also makes all collections.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 460–466; Dec. Dig. &#x29B7;288.]

In Equity.   Suit by the General Electric Company against the Best Electric Company and others.   On motion by defendants to quash service.   Motion granted.

S. O. Edmonds, of New York City, for complainant.
James W. Prendergast, of New York City, for defendants.

ROSE, District Judge.   This is a suit for the infringement of a patent.   The defendant is a corporation of Delaware, which has its factory, and in every other than a strictly legal sense, its principal place of business, in Pittsburgh, in the Western district of Pennsylvania. Process has been served upon one who has the exclusive agency for selling its goods in this district.   It has appeared specially to object to the jurisdiction and to move to quash the service of process.

The sales agent is paid a commission of 7½ per cent. on the amount of sales made by him or any one else within this district and other territory.   He is the agent for other manufacturers or dealers.   He pays his own office rent, and does not display upon that office any sign indicating it is the place of business of the defendant.   It keeps no stock of any kind in this district.   Its agent does not do anything more than solicit orders.   He is not authorized to accept them, nor to receive payment for them.   All goods are shipped from its Pittsburgh office and factory, and all payments are regularly made there.   On one or two occasions, when some one has wanted defendant's goods in a hurry, or when for other reasons the agent did not choose to order the goods from the factory, he went out and personally bought the goods from a New York jobber and sold them to his customer.   It is very doubtful, under these circumstances, whether the defendant is doing business in this district, either generally or specially, in such sense as would render it liable to suit herein by the complainant residing here, and when the jurisdiction of this court was invoked on the ground of diverse citizenship only.   Green v. Chicago, Burlington & Quincy R. Co., 204 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; St. Louis & South-

western R. Co. v. Alexander, 227 U. S. 218, 33 Sup. Ct. 245, 57 L. Ed. 486..

But in this case jurisdiction, if it exists, depends upon section 48 of the Judicial Code, under which a nonresident defendant cannot be sued in any district unless it has a *regular and established place of business therein.* Those words imply something more than a mere doing of business in the district. I do not think the statement in its advertising literature that it had offices in all the principal cities, without specifying any office in any city, suffices to make the office at which its sales agent chooses to make his personal headquarters its regular and established place of business. Nor does the fact that it referred prospective customers to him in any wise necessarily change the situation. Its sales agent chose for his own purposes to have an office in the business section of the city and pay the rent therefor out of his own pocket. If he had chosen to dispense with such an office, he might have transacted such business at his own private residence without in any way breaking any contract that he had with the defendant. It is obviously better that a long and expensive litigation shall be conducted before some court whose jurisdiction is not open to the possibility of successful challenge.

The defendant's motion to quash the service of process and return of the marshal for the Southern district of New York will therefore be granted, with costs.