## TOLEDO RAILWAYS & LIGHT COMPANY *v.* HILL ET AL., EXECUTORS OF KIRK.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

No. 200.    Argued April 23, 1917.—Decided May 21, 1917.

An objection to the jurisdiction of the District Court based on the defendant's being a corporation not doing business in the State and upon want of representative capacity in the person served, is not waived by answering to the merits after a motion to quash the service is overruled, where the answer reasserts the jurisdictional point also, where the defendant participates in the trial only by reiterating the objection and where the judge presiding treats the ruling on the motion as conclusive because made by an associate.

Provision made by a corporation for payment of its bonds and coupons at an office in a particular State and payment of coupons accordingly does not constitute such a doing of business in that State as renders the corporation liable to be sued there.  So *held* where the action was upon some of the bonds.

There is no merit in the proposition that as a basis for determining jurisdiction the property of a corporation must be regarded as translated from its home State to another State when mortgaged to a trust company of the latter to secure bonds made payable there. Reversed.

THE case is stated in the opinion.

*Mr. Robert Burns,* with whom *Mr. Charles A. Frueauff* was on the brief, for plaintiff in erorr.

*Mr. Howard S. Gans,* with whom *Mr. Paul M. Herzog* and *Mr. Arthur S. Levy* were on the briefs, for defendants in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Averring themselves to be citizens of the United States, the one residing in the City of New York and the other in Boston, Massachusetts, the defendants in error in April, 1914, sued in the Supreme Court of the State of New York to recover from the plaintiff in error the principal and interest of certain bonds issued by the plaintiff in error, alleged to be a corporation created by the laws of Ohio. The summons was served upon a director and vice-president of the corporation residing in the City of New York. The corporation, appearing specially for that purpose, on the ground of diversity of citizenship removed the cause to the District Court of the United States for the Southern District of New York and, on the filing of the record in that court, again solely appearing for such purpose, moved to vacate the service of summons on the ground that the corporation was created by the laws of the State of Ohio, and was solely engaged in carrying on its business at Toledo in that State, that is, in the operation of street railways and the furnishing of electrical energy for light and other purposes. The motion to vacate expressly alleged that the corporation was prosecuting no

business in the State of New York and that the person upon whom the summons was served, although concededly an officer of the corporation, had no authority whatever to transact business for or represent the corporation in the State of New York. On the papers, affidavits and documents submitted the motion to vacate was refused and an answer was subsequently filed by the corporation setting up various defences to the merits and besides reasserting the challenge to the jurisdiction. At the trial, presided over by a different judge from the one who had heard and adversely disposed of the challenge to the jurisdiction, the court, treating the ruling on that subject as conclusive, declined therefore to entertain the request of the corporation to consider the matter as urged in the answer. After this ruling the corporation refused to take part in the trial on the merits except to the extent that by way of objections to evidence, requests for rulings and instructions to the jury it re-stated and re-urged its previous contention as to jurisdiction. There was a verdict and judgment for the plaintiff and this direct writ of error to review alone the ruling as to jurisdiction was prosecuted, the record containing the certificate of the trial judge as required by the statute.

Upon the theory that as there was diversity of citizenship the challenge to the jurisdiction involved merely authority over the person, it is insisted that even if the objection be conceded to have been well taken, it was subject to be waived and was waived below and therefore is not open. This must be first disposed of. The contention rests upon the proposition that because after the motion to vacate had been overruled an answer to the merits was filed, therefore the right to assail the jurisdiction was waived. But this disregards the fact that the answer did not waive, but in terms reiterated, the plea to the jurisdiction. It further disregards the fact that the court treated the subject as not open for consideration

because of the previous ruling on the motion to vacate. Moreover, as it has been settled that the right to review by direct writ of error a question of jurisdiction may not be availed of until after final judgment (*McLish* v. *Roff*, 141 U. S. 661), it follows that the contention must be either that there is no right to review at all or that it can only be enjoyed by waiving all defence as to the merits and submitting to an adverse judgment. The contention, however, has been conclusively adversely disposed of. *St. Louis Southwestern Ry. Co.* v. *Alexander*, 227 U. S. 218.

Leaving aside the capacity of the person upon whom the summons was served, which we shall hereafter consider, the facts upon which the question of jurisdiction depends are briefly these: The corporation was created by the laws of the State of Ohio, had its principal establishment and business at Toledo and carried on no business in the State of New York unless the contrary conclusion results from the following statement: In 1901 the corporation issued its bonds and secured the same by mortgage. The trustee under the mortgage was The United States Mortgage and Trust Company of the City of New York and the bonds were delivered to that company to be certified in accordance with the provisions of the deed. The bonds were subject to registry and became due and were payable on July 1, 1909, "at the fiscal office of said Company in the City of New York" and the semi-annual interest coupons were also payable "at the fiscal office of said Company in the City of New York." Prior to 1909, when the company defaulted in the payment of the principal and interest on its bonds, the interest coupons were paid at the office of a commercial firm in New York representing the company for such purpose, but that representation wholly ceased after the default and from that date until this suit was brought, about five years later, the company had no office for any purpose in the State of New York and transacted no business therein.

The reason which controlled the court below and the sole contention here relied upon therefore was and is that the provision for the payment of the bonds and coupons at an office in the City of New York constituted a doing of business in New York so as to afford jurisdiction there and that such result continued to operate years after the office for such purpose had ceased to exist upon the ground that, for the purpose of jurisdiction over the corporation, it must be conclusively presumed to have continued to maintain an office in the City of New York for the purpose stated. But we think from either point of view the contention is without merit: The first because the mere provision for a place of payment in the City of New York of the bonds and the coupons annexed to them at their maturity and their payment at such place was in no true sense the carrying on by the corporation in New York of the business which it was chartered to carry on, however much it may have been an agreement by the corporation to pay in New York an obligation resulting from the carrying on by it of its business in the State of Ohio. And this view necessarily disposes of the proposition in the second aspect, since the indulging in the fiction of the existence of an office for the payment of coupons could not produce an effect greater than that which could be produced by the real existence of the office.

So far as concerns the capacity of the person upon whom the summons was served irrespective of the doing of business by the corporation in the State, we do not expressly notice the various contentions by which under such a view jurisdiction is sought to be supported, but content ourselves with saying that we think they are all plainly without merit.

Although what we have said in substance meets and disposes of all the contentions relied upon to sustain the jurisdiction, we have not expressly noticed them all because of their obvious want of merit,—a situation which

is illustrated by the mere statement of a contention made that as the trustee under the mortgage was a New York corporation in whom the title to the mortgaged property for the purposes of the trust was vested, therefore all the property of the corporation must be metaphysically considered to have been translated from the State of Ohio to the State of New York and used as a basis of jurisdiction in such latter State.

*Reversed and remanded with directions to dismiss the complaint for want of jurisdiction.*