## HILTON v. NORTHWESTERN EXPANDED METAL CO.

(District Court, N. D. Georgia. September 15, 1926.)

**Corporations ⚒═642(4½)—Foreign manufacturing corporation, soliciting business, held not "doing business within state," for purposes of suit, notwithstanding occasional collections through branch office.**

Foreign manufacturing corporation, having salesmen and branch office for soliciting business in state, all orders taken and salaries and expenses of salesmen and branch being passed on by home office, *held* not "doing business within state," for purposes of suit therein, notwithstanding occasional investigation of disputes and collection of slow accounts through branch.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Doing Business.]

At law. Action by Thomas H. Hilton against the Northwestern Expanded Metal Company. On traverse of service. Traverse sustained.

Little, Powell, Smith & Goldstein, of Atlanta, Ga., for plaintiff.

Dorsey, Howell & Heyman, Herman Heyman, and Mark Bolding, all of Atlanta, Ga., for defendant.

SIBLEY, District Judge. The defendant is an Illinois corporation, whose business is the manufacture and sale of metal building materials of a certain class. For the

purpose of obtaining orders and information about prospective buyers, the defendant has salesmen traveling in Georgia and elsewhere, and an office, known as "the Atlanta office," was established in Atlanta, Ga., which was headquarters for the salesmen in the Southeastern states. They were hired and discharged and paid through the Atlanta office; one of the salesmen being designated as district manager, and he being in charge of the office and its activities, and spending much of his time there, looking after correspondence, keeping some records, and co-ordinating and directing the efforts of the other salesmen. The orders were all passed upon and shipments made from the main office in Chicago, and complete authority was exercised there over everything done in Atlanta. Salaries and expenses were passed upon and paid by that office. The Atlanta office and its salesmen were from time to time, under special requests, called upon to make investigation of disputes, or to make collection of slow accounts; but the regular function of the Atlanta office and organization was solely to get orders and information about prospective buyers. At the time of the services in this case there was no district manager, but a salesman was actually in charge of the office, and the functions of the office had not been discontinued.

Under these facts the question is whether the defendant was doing business in Georgia in such a way as to manifest its corporate presence in that state for the purpose of suit in the courts of the state. Practically the question as presented to this court seems to be one of choice between the application of the decision in Green v. Chicago, Burlington & Quincy Railroad Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, and International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479. Great similarity exists to the facts in each of those cases in the facts of the present case. I think, however, in the present case, the fair conclusion to be reached is that the real substance of the business transacted in Atlanta was mere solicitation of orders, and, incidentally, information necessary to the acceptance or rejection of them at the home office. The cases in which other activities were indulged seem to have been sporadic, and not to have been fairly within the continuous business undertaken and done within this state.

I think the Green Case must be taken as conclusive authority that the mere solicitation of business, however extensive, and no matter to what extent organized, is not the doing of business within the state by a corporation whose main business is to furnish the articles, or the service, orders for which were solicited. If the defendant's business had been one of soliciting orders for others, or of obtaining credit information for others, of course the Atlanta office, doing these things, would have been doing the business of such a corporation. However small the portion of its total business done in Georgia might be, the corporation would be present here. But where its business is, as has been stated, the manufacture and sale of goods, and all that is done in Georgia is the mere solicitation of orders, with information touching those who propose to submit orders, there is no such doing business, according to the Green Case, as brings the corporation within the state for the purpose of suit.

The International Harvester Case also involved extensive solicitation and organization of solicitors. In addition it presented features of shipment into the state in response to orders accepted and collections for the goods shipped by the agents who had taken the orders. In dealing with the Green Case the court did not distinguish it on the ground that it related to a railroad, but accepted it as authoritative for the proposition that mere solicitation did not constitute doing business in the connection under discussion. The fact that in the International Case goods were shipped in response to the orders cannot be taken as the controlling distinction, because that would probably be true of all cases of solicitation—that some of it would be successful, and that services or goods would be delivered in consequence thereof.

It seems to me that the fact that the agents within the state were engaged also in continuously and regularly making collections for the goods sold is to be taken as the real distinguishing fact between the two cases, and that is missing here. Collection is emphatically proven to have been no part of the business of the Atlanta office, but only occasional and permissive activities of this sort occurred. Taking the case as a whole, and in view of other authorities also dealing with the general question of what constitutes doing business within a state, I believe that the decision here ought to be that the activities of the defendant in Georgia did not make it present within the state for the purposes of general suit.

The traverse of the service, therefore, will be sustained.