## FOWBLE v. CHESAPEAKE & O. RY. CO.

(District Court, S. D. New York. November 11, 1926.)

Railroads ⬅33(2)—Foreign railroad soliciting business, having stock transfer agent, and deposits, held not subject to process as doing business within state (Const. Amend. 14, § 1).

Foreign railroad corporation, having no tracks in state, which sold no tickets, issued no bills of lading, nor held any stockholders' or directors' meetings therein, *held* not doing business within state, notwithstanding it had agents for soliciting freight and passenger business therein, and had stock transfer agent and deposits in banks in state solely for payment of dividends and interest on mortgage bonds by checks drawn in another state, and it was therefore not subject to service of process within the state under Const. Amend. 14, § 1.

At Law. Action by Chelcie C. Fowble, an infant, by Frank Fowble, his guardian ad litem, against the Chesapeake & Ohio Railway Company. On defendant's motion to set aside service of summons and complaint. Motion granted.

Michael M. Helfgott, of New York City, for plaintiff.

Rearick, Dorr, Travis & Marshall, James H. Purdy, Jr., and Paul Smith, all of New York City, for defendant.

GODDARD, District Judge. The defendant has appeared specially and moved to set aside the service of the summons and complaint on two grounds. It seems necessary, however, to discuss the first ground only, which is: "That the defendant is a foreign corporation, and is not doing business in the state of New York, and that therefor said attempted service was in violation of the Constitution of the United States, particularly section 1 of the Fourteenth Amendment."

The following facts appear from the moving papers and affidavits: The defendant, the Chesapeake & Ohio Railway Company,

is a corporation organized under the laws of the state of Virginia, for the purpose of constructing and operating lines of railroad for transportation of freight and passengers in the state of Virginia, West Virginia, Ohio, Kentucky, Illinois, Indiana, and the District of Columbia. It has no line of railroad in the state of New York. No tickets are sold or bills of lading issued in the state of New York. It has no officer or agent in New York state who is authorized to enter into or execute any leases or other contracts in the name of the company. Its principal office is located in the city of Richmond, Va. It holds no meetings of stockholders or board of directors in the state of New York. That it does maintain an office at No. 299 Broadway, New York City, for the sole purposes of advertising the advantages of its railroad and to induce passengers to use its line, and to solicit freight to be shipped over the lines of the Chesapeake and Ohio Railway Company, after it has been carried by an initial carrier which receives the shipment in the state of New York, and the bills of lading and all contracts and arrangements in relation thereto are made by the shipper direct with the initial carrier in the State of New York. The defendant's connection with the shipper or responsibility for the shipment does not commence until the delivery of the goods to its line by the initial carrier. That the lease for this office was signed by the officials of the company in Richmond, Va. The New York office has no bank account; the rent and salaries of employees are paid by checks sent from Richmond and drawn on the company's bank account in Richmond. All office supplies are also furnished by the Richmond office. James Harris is in charge of this office, and is termed the "general Eastern agent." Also at this office are W. L. Divine, designated as "foreign freight agent," and O. N. Spain, designated as "Eastern passenger agent."

The corporate stock of the company is transferred by J. P. Morgan & Co. of New York City, which acts as transfer agent of the company. It does carry bank accounts in several banks in the city of New York, from which it pays mortgage interest, coupons, and dividends, which checks are drawn by the treasurer at his office in Cleveland, Ohio.

The defendant has not qualified to do business in the state of New York by the filing of the certificate provided under the corporation laws of the state.

The courts have often stated that no precise rules can be formulated by which to determine whether a foreign corporation is doing business in a state; that it is a question that must largely be decided by the particular facts in each case. Solicitation of freight and passenger traffic by a railroad corporation, which has no tracks within the jurisdiction, does not constitute doing business there. Green v. Chicago, etc., Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; McGuire v. Great Northern Railroad Co. (C. C.) 155 F. 230, and the maintaining of an office in such a state to accomplish matters which in themselves do not constitute doing business in the state, does not render the foreign corporation subject to the jurisdiction of the courts of that state. Case v. Smith, Lineaweaver & Co. (C. C.) 152 F. 730. In Toledo Railways, etc., Co. v. Hill, 244 U. S. 49 at page 53, 37 S. Ct. 591, 593 (61 L. Ed. 982) where the court was discussing whether a provision made by a foreign corporation for the payment of its bonds and coupons at an office in another state and payment of coupons accordingly constituted such a doing of business in that state as to render the corporation liable to be sued there, Mr. Chief Justice White, in the opinion of the Court, stated:

" * * * The mere provision for a place of payment in the city of New York of the bonds and the coupons annexed to them at their maturity, and their payment at such place, was in no true sense the carrying on by the corporation in New York of the business which it was chartered to carry on, however much it may have been an agreement by the corporation to pay in New York an obligation resulting from the carrying on by it of its business in the state of Ohio." In Pomeroy v. Hocking Valley Ry. Co., 218 N. Y. 530, 113 N. E. 504, the court stated that the habitual payment of dividends and the transfer of stock in the state of a foreign corporation was of some importance in determining whether the corporation was doing business in the state, although such facts may not be sufficient in itself to constitute such doing of business. See, also, Smith v. Western Pacific Railroad Co., 138 App. Div. 244, 122 N. Y. S. 888.

It seems to me that, having funds on deposit in the state of New York available solely for the payment of interest or dividends, and which funds are drawn upon by checks signed by the treasurer at his office in Cleveland, is merely incidental to the payment of the interest and dividends in New York, and which was stated in Toledo Railroad Co. v. Hill, supra, not to constitute doing business.

In Chesapeake & Ohio Ry. Co. v. Stojanowski (C. C. A.) 191 F. 720, it was held that this defendant was "doing business" in New York, but at that time the defendant maintained an office in New York, where it held meetings of the board of directors, and

the secretary and treasurer had offices there, and it had an office where it sold tickets over its line. The facts upon which that decision was based were those which existed in 1910. Since, however, and in 1923, the offices of the treasurer and secretary have been moved to Cleveland, Ohio, and Richmond, Va., respectively, and the company has ceased to hold directors' meetings in New York, and the sale of tickets has been discontinued in the state of New York.

Taking all these facts into consideration as is necessary in determining whether the defendant is doing business within a state, it seems to me there "was in no true sense the carrying on by the corporation in New York of the business which it was chartered to carry on," and, further, that jurisdiction could not be obtained in this court on the ground that the defendant was doing business in the state of New York; if it was not doing business within the state, the service was void. Riverside Mills v. Menefee, 237 U. S. 189, 35 S. Ct. 579, 59 L. Ed. 910.

Accordingly, the attempted service is vacated and set aside.