## WILSON v. McKINNEY MFG. CO.
### No. 6706.

Circuit Court of Appeals, Ninth Circuit.

May 31, 1932.

Chas. E. Townsend, Wm. A. Loftus, and Thos. G. Goulden, all of San Francisco, Cal., for appellant.

Charles S. Evans and Hugh N. Orr, both of San Francisco, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought an action based upon a patent for a form of lock which he claims is being infringed by the appellee. The action was brought in the United States District Court for the Northern District of California, Southern Division. Upon motion to quash and to dismiss for want of jurisdiction, the court quashed the service of subpœna and dismissed the action. The sole question presented by the record is whether or not the appellee has "a· regular and established business" in that district within the meaning of that phrase as used in section 48 of the Judicial Code (March 3, 1897, c. 395, 29 St. 695, March 3, 1911, c. 231, § 48, 36 Stat. 1100, 28 USCA § 109), which reads as follows: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

The facts are not in serious dispute. In support of the motion to dismiss, appellee filed an affidavit of its San Francisco agent, J. Van Housen, the general purport of which is that the appellee is engaged in the manufacture of builders' hardware at Pittsburgh, Pa.; that affiant has been the western representative of the company for six years and in charge of an office at 623 Call building, San Francisco, Cal.; that his duties as western representative of the company consist solely in conducting so-called "missionary work" directed toward the introduction of the products of the appellee to dealers, architects, builders, users, and others in authority

to specify, and to direct the specifying, of the products of the appellee for installation in building construction, and in creating a demand for such products by jobbers and users; that the supplies for the California market are ordered by local jobbers direct from the appellee at Pittsburgh, Pa., and are furnished in pursuance of such orders; that the retail trade is furnished from the stock of the jobbers derived from the appellee, as aforesaid; that occasionally orders are transmitted by the affiant to the Pittsburgh offices for acceptance or rejection; that all orders by retail dealers contacted by the affiant are always transmitted to local jobbers and are filled by them from stock purchased directly from appellee at Pittsburgh. Affiant avers that he does not have, and never has had, any power or authority to consummate a sale of merchandise for appellee, and that no one else within the district has such authority, that all sales made by the appellee have been made at Pittsburgh, shipped f. o. b. and billed directly by the Pittsburgh office of the company to the purchaser, and that all collections therefor have been handled exclusively by the Pittsburgh offices. The San Francisco office has never had and does not now have any part in billing, shipping, or collecting of the purchase price for any goods sold by the McKinney Manufacturing Company. The western representative receives a salary and commission on all sales by the company to builders and jobbers located within his territory paid by check mailed from the Pittsburgh offices; traveling expenses, office rent, and incidental expenses are paid in the same manner; the local office has no bank account, no receipts to handle there, and no books of account to keep therein; the San Francisco office has samples for display and demonstration only; no stock or warehouse supply of any of appellee's lock products has ever been maintained within the district for sale or delivery by or through the San Francisco office as a regular and established place of business.

The reply affidavit set out certain letters passing between the appellant and the appellee in regard to his invention. These letters show that the letters from the Pittsburgh office to appellant were forwarded to the San Francisco office in order that an interview could be arranged between the local agent, J. Van Housen, and appellant. In the main appellant's affidavit corroborates that of the appellee, stating, however, in addition thereto that the door of the office occupied by the western agent has the following lettering, "McKinney Manufacturing Company, Pittsburgh, Pennsylvania, J. Van Housen, Representative." The name of the appellee is also carried in the subscribers and classified advertising sections of the local telephone directory. He also describes the office, the number of rooms, and employees.

Appellee relies strongly upon the decision of the Supreme Court in W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 S. Ct. 458, 459, 59 L. Ed. 808, wherein the agent was employed by another corporation as well as by the defendant in the infringement suit. He rented a room in New York City which he maintained as his headquarters as representative of both concerns which apportioned the rent and stenographer's salary between them according to agreement. His duty was to solicit orders and forward them when received to the home office for execution. It was held that the evidence was insufficient to establish that the foreign corporation had "a regular and established place of business at 30 Church street within the intendment of the statute." The Supreme Court cites as authority for its conclusion the case of Green v. C., B. & Q. R. R., 205 U. S. 530, 27 S. Ct. 595, 596, 51 L. Ed. 916. The question involved in the latter case was whether or not the corporation was doing business within the Eastern district of Pennsylvania wherein service was had upon an agent. In that case the court said:

"The business shown in this case was, in substance, nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it. This view accords with several decisions in the lower Federal courts. Maxwell v. Atchison, etc., R. R. [C. C.] 34 F. 286; Fairbank & Co. v. Cincinnati, etc., R. R., 4 C. C. A. 403, 9 U. S. App. 212, 54 F. 420 [38 L. R. A. 271]; Union Associated Press v. Times-Star Co. [C. C.] 84 F. 419; Earle v. Chesapeake, etc., R. R. [C. C.] 127 F. 235."

It appears from these two cases (Tyler Co. v. Ludlow-Saylor, 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; and Green v. C., B. & Q. R. R., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916) that the Supreme Court was of opinion that the regularly established place of business was one regularly established for the doing of business as that term had been defined in decisions concerning the service of

**334**

process within a district upon a foreign corporation doing business therein. Section 48, supra (28 USCA § 109), permits the service of process upon an agent "engaged in conducting such business in the district in which suit is brought"; that is to say, engaged in conducting the business at the "regular and established place of business," the maintenance of which within the district is the basis of the court's jurisdiction. The net result of these considerations is that, in order to give jurisdiction in a patent case in a district wherein the defendant is not resident and where reliance is placed upon section 48, supra, to give jurisdiction in such district on the ground that the defendant has "a regular and established place of business" therein, the business conducted there must be such as has been recognized as giving jurisdiction over the foreign corporation. In short, section 48, supra, requires something in addition to the conduct of such business, namely, the maintenance of a regular and established place of business. This view is in accord with the conclusions arrived at by some of the federal courts.

In American Elec. Welding Co. v. Lalance & Grosjean Co., 256 F. 34, 36, Circuit Judge Dodge, sitting in the District Court for the District of Massachusetts, said:

" 'Place of business,' in section 48 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1100 [Comp. St. § 1030 (28 USCA § 109)]), is understood to mean, not a place at which any transactions having any reference to the foreign corporation are carried on, but a place at which it does such business as makes it 'found' within the district for purposes of service; i. e., business carried on in such manner and to such an extent as will warrant the inference that it is present there through its agents. Business being done within the district in this sense, and acts of infringement done therein appearing, section 48 is understood to impose the further requirement, as necessary to jurisdiction, that it be done at a regular and established place, but not to imply that jurisdiction may be obtained without showing that the business done within the district is of the above character."

Applying that rule to the facts in that case, Judge Dodge further said:

"So long as it followed in Boston only the course of business above described, I do not think the defendant can be said to have been doing business at the Franklin street office in the necessary sense. Its representative there found only took and forwarded orders to its home office in New York for acceptance or rejection. Green v. Chicago, etc., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Tyler Co. v. Ludlow-Saylor, 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808; General, etc., Co. v. Best (D. C.) 220 F. 347. That his authority from the defendant enabled him to complete transactions there on its behalf, or to represent it there in negotiations so as to bind it, as in St. Louis, etc., Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486, Ann. Cas. 1915B, 77, does not appear, nor that he ever assumed to exercise such authority there. Only in the solitary instance below considered is there any claim that said course of business was departed from in any respect."

Judge Rose of the District Court for the Southern District of New York in General Elec. Co. v. Best, 220 F. 347, held that section 48 of the Judicial Code (28 USCA § 109), by giving jurisdiction only where the defendant had a regular and established place of business, required more than the statute permitting service where the defendant is doing business. District Judge Wilkerson of the Northern district of Illinois, Eastern Division, in Zimmers v. Dodge Bros., 21 F.(2d) 152, 155, considered the matter at great length in dealing with the section 48, and said:

"This statute requires infringement in this district, 'conducting business,' and 'a regular and established place of business.' As will hereinafter be shown, a corporation may conduct business without having an office in the district, and may have an office without conducting business.

"What is meant by 'conducting business' in this district and 'regular and established place of business'? No exact rule has been laid down by the courts as to what constitutes 'doing business,' but each case depends upon its own circumstances. The same question has arisen under other provisions of law.

"Under section 24 of the Judicial Code (Comp. St. § 991 [28 USCA § 41]), providing for suits based on diversity of citizenship, a foreign corporation is a citizen of the state creating it, but may be served with process in another jurisdiction if and when it is actually 'doing business' there. Goldey v. Morning News, 156 U. S. 518, 521, 522, 15 S. Ct. 559, 39 L. Ed. 517; Riverside Mills v. Menefee, 237 U. S. 189, 194, 195, 35 S. Ct. 579, 59 L. Ed. 910. * * *

"It is thus apparent that it is not any business activity of a corporation in a district other than that of its residence which will justify the conclusion that it is 'doing business' there, so as to make it amenable to

process there. Green v. C., B. & Q. R. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Tyler Co. v. Ludlow-Saylor, 236 U. S. 723, 35 S. Ct. 458, 59 L. Ed. 808;" and numerous cases cited.

Judge Wilkerson reviewed the decisions and held that under circumstances almost identical with those in the case at bar there was no jurisdiction. He thus summarized the rule:

"The corporation must be engaged in carrying on in a continuous manner a substantial part of its ordinary business, to carry on which it was chartered. Hilton v. N. W. Expanded Metal Co. [(D. C.) 16 F.(2d) 821], supra; Fowble v. C. & O. R. Co. [(D. C.) 16 F.(2d) 504], supra; Duke v. Pioneer Mining & Ditch Co. (D. C.) 280 F. 883; Toledo R. Co. v. Hill [244 U. S. 49, 37 S. Ct. 591, 61 L. Ed. 982], supra. It is the manner, extent and character of the activities of the corporation in the district of suit which is determinative. See Riverside Mills v. Menefee, 237 U. S. 189, 194, 195, 35 S. Ct. 579, 59 L. Ed. 910. Merely incidental and collateral activities will not suffice. Green v. C., B. & Q. R. Co., supra; Holzer v. Dodge Bros. [233 N. Y. 216, 135 N. E. 268], supra; Toledo R. Co. v. Hill, supra; Duke v. Pioneer Min. & Ditch Co., supra; Am. Elec. W. Co. v. Lalance, supra; Southeastern Distributing Co. v. Nordyke & Marmon Co., 159 Ga. 150, 125 S. E. 171. Advertising, good will operations, maintenance of an office, listing its name in the telephone directory, or having its name on a door, while material, do not necessarily constitute 'doing business.'"

District Judge Caffey of the District Court of the Southern district of New York, in Hoegger v. Lawson & Co., 35 F.(2d) 219, 220, held that there was no regular established place of business within the meaning of the statute under a state of facts very similar to those in the case at bar. He stated that the question as to whether or not the office maintained by the defendant within the district was a "regular and established place of business" depended upon the character of business the agent was conducting at the place in question. It should be observed, however, that the question arose on a motion by the defendant to quash service of process, and not upon a motion to dismiss.

The Circuit Court of Appeals of the Sixth Circuit in Smith v. Farbenfabriken of Elberfeld Co., 203 F. 476, had under consideration the question of jurisdiction in a patent infringement case. Here the court assumes, without expressly deciding, that the interpretation of section 48 of the Judicial Code, supra, is analogous to that involved in the inquiry as to whether or not a corporation is served in the right district within the meaning of the rule applicable to the service of process as stated by the Supreme Court of the United States in St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218, 33 S. Ct. 245, 247, 57 L. Ed. 486, Ann. Cas. 1915B, 77. The court there said:

"A long line of decisions in this court has established that in order to render a corporation amenable to service of process in a foreign jurisdiction it must appear that the corporation is transacting business in that district to such an extent as to subject it to the jurisdiction and laws thereof. Lafayette Ins. Co. v. French, 18 How. 404, 15 L. Ed. 451; St. Clair v. Cox, 106 U. S. 350, 1 S. Ct. 354, 27 L. Ed. 222; Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 S. Ct. 728, 47 L. Ed. 1113; Geer v. Mathieson Alkali Works, 190 U. S. 428, 23 S. Ct. 807, 47 L. Ed. 1122; Peterson v. C. R. I. & P. Ry. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; Green v. C. B. & Q. Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 S. Ct. 125, 54 L. Ed. 272; Herndon-Carter Co. v. Norris, 224 U. S. 496, 32 S. Ct. 550, 56 L. Ed. 857. * * *

"We reach the conclusion that this case is to be decided upon the principles which have heretofore prevailed in determining whether a foreign corporation is doing business within the district in such sense as to subject it to suit therein. This court has decided each case of this character upon the facts brought before it, and has laid down no all-embracing rule by which it may be determined what constitutes the doing of business by a foreign corporation in such manner as to subject it to a given jurisdiction. In a general way it may be said that the business must be such in character and extent as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of the district in which it is served, and in which it is bound to appear when a proper agent has been served with process. Lafayette Ins. Co. v. French [supra], 18 How. 407, 15 L. Ed. 451, 452; Green v. C. B. & Q. Ry. Co. [supra], 205 U. S. 532, 27 S. Ct. 595, 51 L. Ed. 916, 917."

In the Circuit Court of the Southern District of New York in Chadeloid Chemical Co. v. Chicago Wood Finish Co., 180 F. 770, Judge Hand held that an office to which sales-

men would repair and which was used as the place of distribution and to press slow debtors, was a place of business within the meaning of section 48 of the Judicial Code (28 USCA § 109), but later decisions do not seem to go so far, and it is not necessary to do so in this case to uphold the ruling of the trial court.

The decree of dismissal is affirmed.