**PEERLESS CORPORATION v TAYLOR et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15069. Decided April 23, 1936

Cannon, Spieth, Taggart, Spring & Annat, Cleveland, for plaintiff in error.

Charles S. Wachner, Cleveland, Malcolm E. Molner, Cleveland, and Calfee & Fogg, Cleveland, for defendants in error.

## OPINION

By ROSS, PJ.

The question of the correctness of the ruling upon the jurisdiction of the court is now for a second time presented to the Court of Appeals. That such question may still be presented after answer of the corporation reserving such question is approved in Electric Ry. Co. v U. S. Express Co., 105 Oh St, 331. The court at page 345 of the opinion says:

"A defendant having made timely objection to the jurisdiction of the court, upon the overruling of such objection is not bound to rely upon his exception thereto at his peril, but may make full defense without waiving such objection."

In Toledo Rys. & Light Co. v Hill et, Exrs., 244 U. S., 49, the first paragraph of the syllabus is:

"An objection to the jurisdiction of the District Court based on the defendant's being a corporation not doing business in the State and upon want of representative capacity in the person served, is not waived by answering to the merits after a motion to quash the service is overruled, where the answer reasserts the jurisdictional point also, where the defendant participates in the trial only by reiterating the objection and where the judge presiding treats the ruling on the motion as conclusive because made by an associate."

In Baldwin v Iowa State Traveling Men's Association, 283 U. S., 522, the court at pages 524-525 say:

'The substantial matter for determination is whether the judgment amounts to res judicata on the question of the jurisdiction of the court which rendered it over the person of the respondent. It is of no moment that the appearance was a special one expressly saving any submission to such jurisdiction. That fact would be important upon appeal from the judgment, and would save the question of the propriety of the court's decision on the matter even though after the motion had been overruled the respondent had proceeded, subject to a reserved objection and exception, to a trial on the merits. Harkness v Hyde, 98 U. S., 476; Goldey v Morning News, 156 U. S. 518; Toledo Rys. & Lt. Co. v Hill, 244 U. S. 49; Hitchman Coal & Coke Co. v Mitchell, 245 U. S. 229; Morris & Co. v Skandinavia Ins. Co., 279 U. S., 405."

The Supreme Court of Ohio by refusing the motion to certify and dismissing the petition in error held there was no debatable question presented to it requiring the exercise of its jurisdiction. It may be reasonably inferred that there should be no change in its attitude upon the matter being again presented to it, unless the position taken by this court in conforming to the former opinion of the Court of Appeals shall in itself furnish ground for the entertaining of the case.

In Vega, Admr. v Evans, 128 Oh St, 535, the trial court followed the law laid down in Pavilonis v Valentine, 120 Oh St, 154, and in Dowd-Feder, Inc. v Truesdell, 130 Oh St, 530, its action in so doing was held to constitute prejudicial error by the Supreme Court. In New York Life Ins Co. v Hosbrook, 130 Oh St, 101, in overruling Gohman v City of St. Bernard, 111 Oh St,

726, it was held to be prejudicial error for the trial court to follow the mandate of the Court of Appeals if in the opinion of the Supreme Court the Court of Appeals in its first consideration of the case on review was in error.

These decisions of our court of last review in the state have disturbed the complacency formerly entertained by courts in following the law given them by courts to which they are subordinate, and to which they look for guidance. Certainly the doctrine of the law of the case has been modified most materially. How far the rule requiring judicial subordination has been affected it is unnecessary to state. In any event, this court concludes that as far as the present litigation is concerned the question of the jurisdiction over the person of the corporation has been finally decided. If such determination is to be disturbed, it prefers to let it be done otherwise than by its reversal of the specific mandate of another Court of Appeals in this very case. For this reason, the question of fact involved in the determination of the issue now presented will not again be reviewed. Considerations of logic, reason, and certainty of judicial determination decree that it should be so.

As to the Peerless Corporation, plaintiff in error in this proceeding, the judgment of the Court of Common Pleas of Cuyahoga County in entertaining jurisdiction over its person is affirmed.

MATTHEWS and HAMILTON, JJ, concur.