## ANGUS v
## CINCINNATI MORRIS PLAN BANK

Ohio Appeals, 1st Dist, Hamilton Co

No 5217.   Decided April 12, 1937

Joseph B. Derbes, Cincinnati, and Henry L. Rockel, Cincinnati, for appellee.

Roger B. Baxter, Cincinnati, and Herbert F. Koch, Cincinnati, for appellant.

## OPINION

**By ROSS, PJ.**

Appeal on questions of law from the Court of Common Pleas of Hamilton County, which court affirmed the judgment of the Municipal Court of Cincinnati, Ohio.

The first contention of appellant is that the bill of particulars contained one cause of action, and the amended bill of particulars, which was filed before answer but after demurrer to the bill of particulars, contained a substantially different cause of action. No new summons was issued upon the amended bill of particulars.

The appellant filed a motion to strike the bill for these reasons. Later, however, appellant answered and failed to reserve in his answer the complaint as to no service. Appellant thereby entered his appearance, and cannot now, ▮▮▮▮ having failed to reserve the question of process in his answer, raise the question. **Peerless Corp. v Tayler et, 52 Oh Ap 543 (21 Abs 525).**

In the amended bill of particulars, it is alleged that the appellee was the owner of a certain certificate of stock of Swift & Company, that some unknown person forged appellee's signature to an assignment of such certificate, pledged the same with appellant to secure the repayment of a loan, that such loan was not paid at maturity, and that appellant certifying the genuineness of the endorsement upon such certificate of appellee's signature, endorsing thereon "signature guaranteed" sold and transferred the same to Cost & Flagg, and that Swift & Company transferred the stock represented by such certificate upon its books to a person other than the appellee.

It is further alleged that appellant unlawfully converted the certificate and the proceeds of the sale to its own use, to the appellee's damage in the sum of $740.00.

The defense was a general denial, although each allegation of the amended bill of particulars was specifically denied.

The evidence supported the conclusion of the trial court that the certificate was stolen, unendorsed for the appellee, hypothecated with the appellant, sold by it upon the order of the borrower, and that the proceeds of the stock, less the amount of the loan, were paid to the borrower, who impersonated the appellee as the owner of the stock, in whose name the certificate was made out.

Under the Ohio Corporation Act, title to stock can be transferred in only one of two ways. Either by endorsement of the signature of the holder, as it appears on the certificate, or by an independent instrument, accomplishing the same effect. **§8673-1, GC.**

The forgery of the name of the certificate holder is ineffective to transfer title to the stock. Good faith as defined by §8673-22, GC, will not protect one who disposes of the certificate, when the same or a separate instrument of transfer has not been endorsed or signed by the certificate holder, as one who exercises dominion over a certificate of stock sees it and disposes of the proceeds must be held to be guilty of a conversion of the certificate and the stock represented thereby. The fact that the certificate holder is still the true owner and in a proper action may compel the corporation to reinstate him upon the books can not be asserted as a defense against the right of the owner to acquiesce in the sale and demand the proceeds thereof. In any event, if such a rule were followed, it would merely result in circuity of action, for the corporation would have the right to proceed against the intermediate vendor upon his warranty.

The ordinary rules of common law applying to conversion of chattel property apply.

It is our conclusion, therefore, that appellant although acting in good faith, must respond for its unwarranted exercise of control over the property of the appellee.

In passing, however, it would not seem difficult if proper means of identification were used for a bank to protect itself against the machinations of a forger and a thief.

We find also that upon the admission of evidence, the court committed no error, prejudicial to the appellant, and that the evidence was fully probative of the issues presented by the pleadings in favor of the appellee.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.