842 F.2d 1290
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William Ervin FULMER, Plaintiff--Appellee,
v.
Juanita BULLARD, John Bullard, Defendants-Appellants.
 No. 86-2066.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1987.
Decided March 4, 1988.
 
 Andrew J. Savage, III; Thomas H. Pope, III, on brief), for appellants.
 (A. Jahue Moore, Kirkland, Taylor, Wilson, Moore, Allen & Deneen, P.A., on brief), for appellee.
 Before WIDENER, JAMES DICKSON PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Juanita and John Bullard seek to appeal the district court's 28 April 1986 order entered on their motion for a protective order. The district court, in its order, found that it had jurisdiction over the Bullards, and ordered them to appear for depositions in Atlanta and "give full, accurate and complete answers to all questions put to them.
 
 
 2
 This Court has jurisdiction to review final decisions of the district court. 28 U.S.C. Sec. 1291. A final judgment is one that disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). In the instant case, the district court has not yet addressed the liability of the Bullards. The order appealed, therefore, does not constitute a "final" judgment under Sec. 1291.
 
 
 3
 The district court did not certify the order for an interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The order is not appealable under the exceptions of 28 U.S.C. Sec. 1292(a), nor may the order be treated as final under the doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47 (1949). Bever v. Gilbertson, 724 F.2d 1083, 1087 (4th Cir.) ("[p]retrial discovery orders may not be reviewed before final judgment"), cert. denied, 469 U.S. 948 (1984). Toledo Railways & Light Co. v. Hill, 244 U.S. 49, 52 (1917) (it is "settled that the right to review ... a question of jurisdiction may not be availed of until after final judgment"). Accordingly, we dismiss this appeal as interlocutory.*
 
 
 4
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.
 
 
 
 *
 We note that the Bullards's fifth amendment arguments raised on appeal are premature. Proper invocation of the fifth amendment privilege requires its assertion with respect to specific questions. See North River Insurance Co. v. Stefanou, 831 F.2d 484 (4th Cir.1987). To date, the Bullards have made only a "blanket objection" to appearing for deposition