**CANDAS et al. v. AGNINI et al.**

District Court, S. D. New York.
Jan. 13, 1936.

Pennie, Davis, Marvin & Edmonds, of New York City (Ernest H. Merchant, of New York City, of counsel), for plaintiffs.

John M. Cole, of New York City (Joshua R. H. Potts, Eugene Vincent Clarke, and Basel H. Brune, all of Chicago, Ill., of counsel), for defendants.

CAFFEY, District Judge.

The plaintiffs have furnished no evidence. They rest on the affidavits submitted by the defendants. Even so, the case is close.

The sole issue which has been discussed by counsel is whether, when Michaels was served with process, the defendant firm had a "regular and established place of business" in this district.

The plaintiffs rely chiefly on International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. That, however, was not a patent suit; nor was the question involved in it determinable under section 109 of title 28 of the United States Code (28 U.S.C.A. § 109), which governs here. The inquiry there was whether a corporation did business in Kentucky; not whether it had a "regular and established place of business" in that state.

■ Where the quoted words are to be applied, plainly something more than merely "doing business" must be shown. As Judge Wilkerson said in Zimmers v. Dodge Bros., Inc. (D.C.) 21 F.(2d) 152, 156, 157, before a foreign corporation subjects itself to jurisdiction in a patent suit, it must appear that it is "engaged in carrying on in a continuous manner a substantial part of its ordinary business" within the district in which action is brought. That view impresses me as sound. It cannot be that so restrictive a statutory provision as that now under consideration means no more than merely doing business. In order to bring itself within the jurisdiction of a court of a particular district, by force of the statute the defendant firm (a) must have a place of business in the district; (b) that place of business must be "regular"; and (c) it must be "established."

■ Confessedly there is no jurisdiction of defendants in the instant case unless it can be sustained because, in conjunction with other facts which of themselves are insufficient, where there have been cash sales to several New York customers of the defendant, deliveries and collections were made by Michaels.

In other respects he is a solicitor only, who transmits orders to the defendants' home office at Chicago, subject to acceptance there and to shipment from there direct to customers.

It seems to me that the exceptional handling of transactions with a few cash customers is not enough to support the proposition that, through these acts, the defendants have conducted a substantial part of their business in New York.

Rarely, if ever, are two cases precisely alike. Each case must stand on its own facts. In legal theory, the line of demarcation, as stated in numerous decisions of the Supreme Court, is clear. The problem is to apply it in border line cases. I believe it would avail nothing to go extensively into precedents. I content myself with saying that, as I see it, the present case comes nearer within Elevator Supplies Co. v. Wagner Mfg. Co. (D.C.) 54 F.(2d) 937, than within Davis v. Motive Parts Corporation (D.C.) 16 F.(2d) 148.

■ Another consideration is persuasive for adopting the view I state. There is at least much doubt about the efficacy of the service of process here. On that account I think it is better that such doubt be resolved against the plaintiffs at this stage. In this way, in advance of the expenditure of money and effort in prosecuting the issues on the merits, the plaintiffs

will be afforded opportunity to clarify the jurisdictional point. This they may do either by resort to an appellate court or by selecting a district where jurisdiction is indisputably clear.

Motion granted. Settle order on two days' notice.