**PHILLIPS et al. v. BAKER et al.**

No. 9721.

Circuit Court of Appeals, Ninth Circuit.

July 18, 1941.

Theodore H. Lassagne, of San Francisco, Cal., for appellants.

Webster & Webster, Percy S. Webster, and Roger B. Webster, all of Stockton, Cal., for appellees.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

On September 8, 1939, plaintiffs-appellants filed in the United States District Court for the Northern District. of California, Northern Division, a complaint alleging that appellees, defendants below, had infringed certain letters patent, of which appellants are trustees. Defendant Modern Precooling Company is a partnership, and defendant George Walter Baker is one of the copartners.

On September 11, 1939, defendants were engaged in precooling operations at the premises of the Standard Fruit Company at Modesto, California, operating the apparatus the use of which is charged to infringe the patents in suit, and on that day defendant Baker, who was in charge, was personally served with a summons and complaint, both for himself and as one of the copartners constituting defendant Modern Precooling Company. Thereafter, on October 31, 1939, defendants filed a motion for a more definite statement, as permitted under Rule 12(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiffs filed a more definite statement of claim on February 13, 1940, and on March 1, 1940, defendants answered, questioning the jurisdiction of the lower court over them by denying the allegations of plaintiffs that Baker was a resident and inhabitant of Modesto, California, and that he and Modern Precooling Company had regular and established places of business at the premises of the Standard Fruit Company in that city, which is located within the Northern District of California, Northern Division.

By permission of the lower court, and in accordance with Rule 12(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the parties submitted for a preliminary determination the issue respecting venue, as raised by defendants

in their answer, and for that purpose stipulated the following:

Defendants maintain their sole and only office at Plant City, Florida. They also maintain P.O. Box No. 257 in the United States Post Office there. All of their letterheads and business cards contain the address of that Plant City office and also the P.O. Box address; and the only way a customer can contact the defendants when he is not in direct personal touch with them is through that office, and all of the customers do have direct relations with such office.

Acts of the same nature as those which are charged as infringements in this suit are being carried on by the defendants within the Judicial District of Florida, where they have their said office.

In a large number of widely separated agricultural districts in the United States "precooling" service is required by shippers of agricultural commodities during only a few weeks of the year. Defendants, being engaged in the business of furnishing complete precooling service to such shippers, travel from one agricultural district to another each season and secure business by personal solicitation at the shippers' own premises, both during special trips to the various districts in advance of the several shipping seasons and also during the season while precooling operations are being performed by defendants in the particular districts.

Upon procurement of a contract defendants convey by truck to the premises of the contracting shipper sufficient apparatus to take care of the work; they install it in unloaded refrigerator cars on a railroad siding adjacent to the shipper's premises, operate the apparatus after the cars are loaded, remove it after the precooling has been completed, and depart for the premises of the next customer. At each place of operation defendant Baker, or one Sparksman, supervise the process, employ and compensate the necessary workers, purchase and pay for salt and other needed materials, order and pay for repairs to the equipment, collect and receipt for collections for precooling service, solicit and enter into further contracts setting the price therefor, and direct the shipment of defendants' apparatus to the premises of other customers.

This case is here on appeal by plaintiffs from the ruling of the District Court that neither of defendants was an inhabitant of, nor had a regular and established place of business within, the Northern District of California, and that defendants, by bringing a motion for more definite statement of claim pursuant to the above-mentioned Rule 12(e) without theretofore or at the same time having interposed the defense of improper venue, did not waive the right to assert said defense in their answer. The District Court ordered that the case be dismissed because of improper venue.

First of all we shall direct our attention to the question of waiver, as raised by appellants.

It should be stated at the outset that it is in keeping with the spirit of the new Federal Rules to interpret them liberally, just so long as the confines of the Rules themselves are not transgressed. See Rule 1, Federal Rules of Civil Procedure.

In this case, after defendants had been served with the summons and complaint, the first step they took was to exercise the right conferred by subdivision (e) of Rule 12, providing that one may obtain by motion a more definite statement or a bill of particulars in order "to enable him properly to prepare his responsive pleading or to prepare for trial." Subdivision (b) of the same rule provides, inter alia, that the defense of improper venue, and certain other defenses, "may at the *option* of the pleader be made by motion" (Emphasis added.) Subdivision (g) makes provision for the joining of all available motions permitted by Rule 12, and, for the obvious purpose of avoiding forced delays, prohibits bringing by separate motion any of the omitted defenses which were theretofore available (United States v. Columbia Gas & Elec. Corp., D.C.Del., 1 F.R.D. 606); but this subdivision does not forbid one to raise in his answer any of the omitted defenses. Subdivision (h), which specifically treats of the waiver of defenses, reads in part as follows: "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply, * * *."

Appellants place great stress upon the clause "if he has made no motion," and argue that because appellees had, prior to their answer, made a motion for a more definite statement, they were precluded from asserting in their answer the defense of improper venue; that in order to avail themselves of that defense, it was incum-

bent upon them to have interposed it before, or concurrently with, the motion for a more definite statement of claim. To follow appellants' argument would require that subdivision (h) be given a narrow, rigid, and illiberal construction, which frequently would result in injustice and which in this case would deprive defendants of a valuable right. Evidently, the paragraph was intended to provide that any defense permitted to be made by motion at the option of the defendant, and which is not raised *either* by motion *or* by the answer, will be deemed to have been waived. The courts have so construed that rule. In Johnson v. Joseph Schlitz Brewing Co., D. C., 33 F.Supp. 176, 182, it was said: " * * Rule 12 provides that the defense of jurisdiction * * * might be raised in the answer. It is evident that after a bill of particulars has been asked for and granted or denied, the defendant could then, *by answer,* raise the question of the *jurisdiction of the person.* * * *" (Emphasis supplied.) See also Carter v. Powell, 5 Cir., 104 F.2d 428, 430; Martin v. Lain Oil & Gas Co., D.C., 36 F.Supp. 252, 255; Kaufman v. United States, D.C., 35 F.Supp. 900, 901; Zwerling v. New York & Cuba Mail S. S. Co., D.C., 33 F.Supp. 721.

Having determined that the procedure was proper, we shall now give consideration to the substantive force of appellees' defense of improper venue.

The pertinent statute, with reference to which the proper venue of the instant case is determined, is Section 48 of the Judicial Code, 28 U.S.C.A. § 109, which reads in the following language: "In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district· of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

Appellants do not contend that either of appellees is, or was at the time of service of summons, an inhabitant of the Northern District of California, but they insist that because of the nature and extent of the operations being conducted by defendants at the premises of the different shippers, as set out in the agreed statement of facts, the defendants had "a regular and established place of business" at the premises of the Standard Fruit Company at Modesto, California, where they were operating at the time they were served with summons.

The facts explicitly show that defendants were doing business within the District and that they there committed acts, which, according to the allegations of the plaintiffs, are "acts of infringement." That "doing business" in a district was not of itself sufficient to confer jurisdiction in patent suits was held in the cases of Root v. Samuel Cupples Envelope Co., D.C.N.Y., 36 F.2d 405, 406; Zimmers v. Dodge Bros., Inc., D.C.Ill., 21 F.2d 152, 155; American Elec. Welding Co. v. Lalance & Grosjean Co., D.C.Mass., 256 F. 34, 36; and General Elec. Co. v. Best Co., D.C.N.Y., 220 F. 347, 348, which cases were quoted with approval by this court in Wilson v. McKinney Mfg. Co., 9 Cir., 59 F.2d 332, 334. As the statute expressly provides, infringement alone will not establish proper venue nor will a regular place of business alone do so, but both must concur. Colgate & Co. v. Proctor & Gamble Mfg. Co., D.C.N.Y., 25 F.2d 160; Bowers v. Atlantic, G. & P. Co., C.C.N.Y., 104 F. 887, 889.

Whether a party defendant has a "regular and established place of business" within a district, so as to give a District Court jurisdiction in a patent infringement suit, depends upon the state of facts involved. Haight v. Viking Pump Co. of Delaware, D.C.Wis., 29 F.Supp. 575. Consequently, the sole question now confronting us is whether the premises of the Standard Fruit Company at Modesto, California, constituted a "regular and established place of business" of defendants, within the meaning and intent of Section 48 of the Judicial Code.

In Candas v. Agnini, D.C.N.Y., 14 F.Supp. 21, 22, the court said: "Where the quoted words ['regular and established place of business'] are to be applied, plainly something more than merely 'doing business' must be shown. As Judge Wilkerson said in Zimmers v. Dodge Bros., Inc. (D. C.) 21 F.2d 152, 156, 157, before a foreign corporation subjects itself to jurisdiction

756

in a patent suit, it must appear that it is 'engaged in carrying on in a continuous manner a substantial part of its ordinary business' within the district in which action is brought. * * * In order to bring itself within the jurisdiction of a court of a particular district, by force of the statute the defendant firm (a) must have a place of business in the district; (b) that place of business must be 'regular'; and (c) it must be 'established.'"

 In the case of Winterbottom v. Casey, D.C.Mich., 283 F. 518, 521, we find the following passage:

" * * * A 'regular place of business' is, obviously, a place where such business is carried on 'regularly,' and not merely temporarily, or for some special work or particular transaction. * * *

"Passing for the moment to consider the proper construction of the phrase 'established place of business,' the words themselves necessarily indicate that an 'established' place of business is more than, or at the very least different from, merely a 'place of business.' Otherwise Congress used a meaningless word, an act, with a result, which surely could not have been intended and should not be inferred, unless no other construction be possible. It is, however, entirely clear that the word was selected deliberately, to signify that the particular place of business contemplated was not any place where business might be transacted, however temporarily, but must be a permanent place of business."

The language of the foregoing quotations may well be applied to the instant case. The appellees merely conduct precooling operations in a box car temporarily standing at a railroad siding, which car is there one day and gone the next; appellees also move from place to place according to the locations of the various shippers. The premises of the Standard Fruit Company, or, for that matter, the premises of any other customer within the district, constituted merely a temporary "place of business," and not an "established place of business" where the appellees carried on their business "regularly." The Standard Fruit Company's establishment was just a location for a "particular transaction"; the necessary element of permanency is lacking.

Appellants complain that from an equitable standpoint judgment in this case should be in their favor because the appellees "jump about the country like fleas, and nowhere in the record of this case or elsewhere is there a statement which would bind them in a substitute action as to where, if anywhere, a suit against them can be maintained." This complaint is unfounded; the stipulated facts expressly show, and the appellees admit, that they have a "regular and established place of business" at Plant City, Florida, and that they are carrying on within the District of Florida acts of the same nature as those herein charged as being acts of infringement.

Should we spell out the strongest possible case to support the jurisdiction under the facts here presented, the most that we could say is that it is extremely doubtful. "In this situation, it is better that the parties be remitted to the district where there is no doubt as to the jurisdiction, before, rather than after, expensive and protracted litigation has been had." Zimmers v. Dodge Bros., Inc., supra, 21 F. 2d at page 158.

At any rate, the appellants have not sustained their burden of affirmatively establishing the jurisdictional facts (Haight v. Viking Pump Co., supra, 29 F.Supp. at page 577), and the order of the District Court upholding appellees' defense of improper venue must therefore be affirmed.

Affirmed.