**Earle W. JONES, Plaintiff,**

v.

**RADIO CORPORATION OF AMERICA, Columbia Records, Inc., Columbia Broadcasting System, Inc., Union Carbide and Carbon Corporation, and Fairchild Recording Equipment Corporation, Defendants.**

United States District Court,
S. D. New York.
March 22, 1955.

Cribari, Scapolito & Solinger, Mount Vernon, N. Y., for plaintiff.

Laurence B. Dodds, Little Neck, N. Y., for defendant Fairchild Graphic Equipment, Inc.

SUGARMAN, District Judge.

The complaint states a cause of action under the patent laws against defendant Fairchild Recording Equipment Corporation, now known as Fairchild Graphic Equipment, Inc. (Fairchild) and others.

Fairchild moves to dismiss the complaint against it upon the undisputed ground, among others, that it "is a corporation of New York having its principal place of business" at an address concededly in the Eastern District of New York and "has no place of business within the Southern District of New York and has not committed any of the acts complained of within said" Southern District.

There is thus posed this first question: May a New York corporation, residing in the Eastern District of New York be sued in the Southern District of New York for patent infringement in the absence of proof that it has committed acts of infringement and has a regular and established place of business in the Southern District of New York? The answer is and has been since 1941—No.[1] No change has been wrought by the 1948 revision of Title 28, U.S.C.[2]

Plaintiff asks that, if venue be held to have been improperly laid in this district, in lieu of dismissal, the action be severed as to defendant Fairchild and, under 28 U.S.C. § 1406(a) 1948 ed., *transferred* to the Eastern District of New York.

As § 1406(a) was originally enacted in the 1948 revision of Title 28, U.S.C.[3] a case filed in the wrong district was to be transferred to any district in which it could have been brought. Professor Moore, *in his appearance before Sub-Committee No. 1 of the House Judiciary Committee*, construed the then-proposed § 1406(a) to mean that

> "[i]mproper venue is no longer grounds for dismissal of an action in the Federal courts. Instead the district court is to transfer the case to the proper venue."[4]

The Revisor's Notes to § 1406(a) agreeably characterize it as providing "statutory sanction for transfer instead of dismissal, where venue is improperly laid."

However, one year later § 1406(a) was amended[5] to its present form providing that a case filed in the wrong district was to be *dismissed or if it be in the interest of justice* transferred to any district in which it could have been brought.

The Senate report[6] accompanying the bill which resulted in the 1949 amendment explains that amendment as "really a clarification of the law as stated and accomplishes the intended purpose." It would appear, therefore, that although § 1406(a), as originally enacted in 1948, was understood to require transfer of a case from the wrong district to one in which it could have been brought, the Congressional intent was, as specifically enunciated by the 1949 amendment, that such a case be dismissed, unless in the interest of justice it appeared proper to transfer it to a district in which it could have been brought.

1. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

2. Curtis v. Madovoy, D.C.E.D.N.Y., 84 F. Supp. 637.

3. June 25, 1948, c. 646, § 1, 62 Stat. 937.

4. Special volume on 28 U.S.C. (1948 ed.) July 1948, U.S.Code Congressional Service, p. 1969.

5. May 24, 1949, c. 139, § 81, 63 Stat. 101.

6. 2 U.S. Code Congressional Service, 81st Cong., 1st Sess., 1949, p. 1253.

Plaintiff at bar utterly fails to demonstrate any injustice by dismissal. Absent that indispensable ingredient, transfer to the Eastern District may not be ordained.

Fairchild's motion to dismiss the complaint against it is granted.

Settle order.