**TRANSMIRRA PRODUCTS CORP. and Robert Aronstein, Plaintiffs,**

v.

**FOURCO GLASS CO., Defendant.**

United States District Court
S. D. New York.

Aug. 5, 1955.

Aronstein & Aronstein, of New York City, for plaintiffs, Robert Aronstein, William B. Aronstein, New York City, of counsel.

Robert E. Burns, of New York City, for defendant, Edward S. Irons, of Washington, D. C., of counsel.

DAWSON, District Judge.

This is a motion under Rule 12(b) (3), 28 U.S.C., to dismiss the action because of improper venue. The action is one for patent infringement.

The venue for patent infringement actions is specified in § 1400(b) of Tit. 28 U.S.C. as follows:

> "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. June 25, 1948, c. 646, 62 Stat. 936."

The defendant is a West Virginia corporation. It maintains a sales office in

this district and by the regular and continuous course of activity in that office, it may be said to have a regular and established place of business in this district.

The defendant urges that (1) it does not reside in this district, and (2) although it may have a regular and established place of business in the district, it has not committed acts of infringement in the district.

For the purposes of this statute, "residence" of a corporation is the state of its incorporation. The mere fact that a corporation is licensed to do business in a state, other than the state of its incorporation, or is doing business in such state, does not make it a resident of the latter state. Whatever may be thought of decisions to the contrary,[1] the weight of authority would seem to agree with the decision to this effect in C-O-Two Fire Equipment Co. v. Barnes,[2] which was affirmed by the Supreme Court by an equally divided court. Therefore, venue could properly be laid in this district only if it is a district where defendant has a regular and established place of business *and* has committed acts of infringement.[3]

The papers submitted on the motion adequately establish that the defendant has a regular and established place of business in the district. However, there are no facts in the motion papers from which the Court can conclude that defendant has committed acts of infringement in the district. Such acts of infringement, under the circumstances, would be a prerequisite to the establishment of proper venue in this district.

The complaint alleges:

"Upon information and belief that defendant has been and still is infringing said Letters Patent by making, selling or using television receivers, television cathode ray receiving tubes or other devices embodying the patented invention owned by the plaintiff, Robert Aronstein, within the Southern District of New York or has been actively inducing infringement of said Letters Patent within the Southern District of New York or has contributed to the infringement of said Letters Patent within the Southern District of New York, and will continue so to do unless enjoined by this Court."

There is no indication from the motion papers that the defendant makes or sells, either in this district or elsewhere, television receivers, television cathode ray receiving tubes or devices embodying the alleged patented invention of the plaintiff; in fact, the papers indicate distinctly to the contrary. In the brief of plaintiff submitted on this motion, plaintiff's counsel makes the statement that plaintiffs are not able to directly trace the sale of any particular television set within this district containing the alleged infringing product of defendant. They urge, however, that defendant may be guilty of contributory infringement because in answers to in-

---

1. Dalton v. Shakespeare Co., 5 Cir., 1952, 196 F.2d 469; Farr Co. v. Gratiot, D.C. S.D.Cal.1950, 92 F.Supp. 320; Guiberson Corp. v. Garrett Oil Tools, 5 Cir., 1953, 205 F.2d 660.

2. 7 Cir., 1952, 194 F.2d 410, affirmed 1952, 344 U.S. 861, 73 S.Ct. 102, 97 L. Ed. 695; see Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., D.C.S.D.Cal.1950, 92 F.Supp. 16; mandamus denied 9 Cir., 183 F.2d 457. On transfer to another district, the second court refused to review the decision, D.C.D.Del.1951, 98 F.Supp. 198; mandamus denied Gulf Research Development Co. v. Leahy, 3 Cir., 1951, 193 F.2d 302, affirmed by an equally divided court, 1952, 344 U.S. 861, 73 S. Ct. 102, 97 L.Ed. 668.

3. Transmirra Products Corp. v. Magnavox Co., D.C.S.D.N.Y.1953, 110 F.Supp. 676; Jones v. R. C. A., D.C.S.D.N.Y. 1955, 129 F.Supp. 440; Rava v. Westinghouse El. Corp., D.C.S.D.N.Y.1950, 90 F.Supp. 707.

terrogatories in a separate suit pending in this Court, Transmirra Products Corp., and Robert Aronstein v. Radio Corporation of America, Civ. 67–129, Radio Corporation of America, in answer to an interrogatory as to firms or corporations cooperating with that defendant "who were in any way connected with the development or manufacture of the filter face of the cathode ray tube known as 'RCA Filterglass', as manufactured, sold or distributed" by that defendant, answered, among others: "Fourco Glass Company, Union National Bank Building, Clarksburg, West Virginia".

There is no indication that any such actions of Fourco Glass Company, even if they constituted contributory infringement, took place other than at the principal office of Fourco Glass Company in Clarksburg, West Virginia.

Plaintiff has had plenty of time to secure any information which it may wish to secure on this situation. Defendant's motion to dismiss was first filed on March 23, 1955. Subsequent thereto, plaintiff submitted two sets of interrogatories which have been answered, and plaintiff has taken the deposition of the Eastern Sales Manager of the defendant. When the motions came upon the calendar and plaintiff stated that it needed more detailed answers to its interrogatories or wished the right to take the deposition of the defendant by oral examination, the motion was delayed for such purposes.

It appears, therefore, that plaintiff has been unable to secure any information which might lead in any way to a conclusion that the defendant has been guilty of infringement or contributory infringement in this district. In an action of this nature, plaintiff has the burden of showing jurisdiction. Rava v. Westinghouse El. Corp., supra. This it has not done.

The motion to dismiss the action for lack of venue is granted. So ordered.