**KAMKAP, Inc., Plaintiff,**

v.

**WORLDSBEST INDUSTRIES, Inc., Defendant.**

United States District Court
S. D. New York.

May 8, 1956.

John P. Chandler, New York City, for plaintiff.

Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for defendant. Frank F. Scheck, New York City, of counsel.

LEVET, District Judge.

This is a suit arising out of an alleged patent infringement. The defendant has moved to dismiss the action, alleging improper venue.

The plaintiff is a New York corporation, having its principal place of business in this district. The defendant, a Wisconsin corporation, with its principal place of business located in Cudahy, Wisconsin, is in the business of manufacturing houseware articles. Defendant obtains orders for its products through Houseware Sales Corporation, a New York corporation, which is a manufacturer's sales representative. Such orders are taken in New York by the sales representative and transmitted to the defendant in Wisconsin, which may either accept or reject such orders.

From the moving affidavit of the defendant's president it appears that the defendant's products are shipped directly to the customer from its plant in Wisconsin and that Houseware Sales Corporation makes no collections on defendant's behalf. For such service, Houseware Sales Corporation receives only an agreed commission. Defendant's president likewise states that the defendant does not contribute to the expense of Houseware Sales Corporation in the carrying out of the latter's business, although he concedes that the defendant's name appears in the telephone directory under the same listing as that of Houseware Sales Corporation and that its name appears on the office door of Houseware Sales Corporation along with other manufacturing firms which Houseware Sales Corporation represents. Defendant's president points out that the defendant has not qualified to do business in New York and that it does not maintain a bank account or a warehouse in this district.

The affidavit of the president of Houseware Sales Corporation, which was also submitted in support of the motion to dismiss, confirms in substance the course of dealings between the defendant and Houseware Sales Corporation. The defendant, he said, is one of four companies for which Houseware Sales Corporation acts as sales representative.

The plaintiff's credit manager, in his affidavit in opposition to the motion to dismiss, states that he visited a building in New York City with respect to which defendant's name appeared on one of the windows. There he was informed that the product in question was shipped and billed through Cudahy, Wisconsin, and that although the defendant's name was mentioned several times in a conversation which he had with a salesman in the building, no mention was made of Houseware Sales Corporation.

Plaintiff contends that the requirements of venue and jurisdiction are satisfied if the defendant is "doing business" within the meaning of Section 1391 (c) of Title 28 U.S.C.A., which is as follows:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the

residence of such corporation for venue purposes."

Since this is an action for an alleged patent infringement, however, the controlling statute relative to venue in suits of this nature is Section 1400(b) of Title 28 U.S.C.A., which is as follows:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

■ The argument that the interpretation of the term "residence" in the patent infringement venue statute should be governed by the factors which are considered in ascertaining what constitutes "doing business" under the general venue provision of Section 1391(c) has been rejected by the Supreme Court in Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. Although this decision was based on a prior Act, 28 U.S.C.A. § 109, the rationale remains the same under Section 1400 (b) of Title 28 U.S.C.A. It is now well settled that Section 1400(b) is an exception to Section 1391(c) and is controlling with respect to patent infringement actions. Ruth v. Eagle-Picher Company, 10 Cir., 1955, 225 F.2d 572; Pierce v. Perlite Aggregates, Inc., D.C.N.D.Cal., 1952, 110 F.Supp. 684; Nachtman v. Jones & Laughlin Steel Corporation, D.C. D.C., 1950, 90 F.Supp. 739; Rava v. Westinghouse Electric Corporation, D.C. S.D.N.Y., 1950, 90 F.Supp. 707; Fischer v. Karl, D.C.E.D.N.Y., 1949, 84 F.Supp. 53; Curtis v. Madovoy, D.C.E.D.N.Y., 1949, 84 F.Supp. 637.

■ It is clear that the defendant is not a resident of this district within the meaning of Section 1400(b) since a corporate defendant "resides" in the state of its incorporation, which, in this case, is Wisconsin. C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 1952, 194 F.2d 410, affirmed 344 U.S. 861, 73 S.Ct. 102, 97 L.Ed. 695; Transmirra Products Corp. v. Fourco Glass Co., D.C.S.D.N.Y., 1955, 133 F.Supp. 531.

In the Transmirra case, supra, Judge Dawson said, at page 532:

"For the purposes of this statute, 'residence' of a corporation is the state of its incorporation. The mere fact that a corporation is licensed to do business in a state, other than the state of its incorporation, or is doing business in such state, does not make it a resident of the latter state."

Accordingly, in order for plaintiff to comply with Section 1400(b) it must establish that the defendant has committed acts of infringement in this district and that defendant has a regular and established place of business here. See Jones v. Radio Corporation of America, D.C.S.D.N.Y., 1955, 129 F.Supp. 440. Plaintiff has failed to establish either of these conditions.

With respect to the question of infringement, a patent may be infringed by manufacture, use or sale, 35 U.S.C.A. § 271. The moving papers indicate that the defendant neither manufactures nor uses the patented product in this district. It is also manifest that the sale of the product is consummated in Wisconsin upon defendant's acceptance of orders which are transmitted to it by its sales representative in New York.

A copy of the sales representative's order form, which is attached to the moving papers, bears a legend which reads: "All orders are taken subject to acceptance by factory and contingent upon strikes, fires, accidents or other causes beyond our control."

In W. S. Tyler Company v. Ludlow-Saylor Wire Company, 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808, the Supreme Court held that where an agent solicits an order in one state and transmits it to his principal at its home office in another state, who in turn ships the goods directly to the customer, the sale is consummated in the latter state and does not constitute an infringement of a patent in the former state.

Plaintiff's credit manager in his affidavit says that the alleged infringing product was displayed on the floor of the building in New York City, which, according to the president of Houseware Sales Corporation, is occupied by said corporation in the conduct of its business as a manufacturer's sales representative. Nevertheless, it has been held that the display of samples and the demonstration of their use are mere incidents in the solicitation of the sale and in no way affect the place of the sale. New Wrinkle v. Fritz, D.C.W.D.N.Y., 1939, 30 F.Supp. 89. Therefore, the consummation of the defendant's sales occurs in Cudahy, Wisconsin, where the orders are accepted by the defendant and the product shipped to the customers F.O.B. Cudahy.

In addition to the fact that the consummation of the sales is in Wisconsin, it appears that the defendant does not have a regular and established business in this district. The listing of the defendant in the Manhattan telephone directory, the appearance of its name on the premises of its sales representative, and the use of display samples and literature by its sales representative neither separately nor jointly subject the defendant to a patent infringement action in this district. W. S. Tyler Company v. Ludlow-Saylor Wire Company, supra; Elevator Supplies Co., Inc. v. Wagner Mfg. Co., D.C.S.D.N.Y., 1931, 54 F.2d 937. In the Elevator Supplies case, supra, Judge Bondy referred to the record on appeal before the Supreme Court in the W. S. Tyler Company case, supra, and noted:

> " * * * the defendant was engaged in the business of manufacturing, and that it maintained its home office in St. Louis, Mo. It employed an 'Eastern Representative' (who was also employed by another corporation) and paid him a salary, commission, and traveling expenses. It was his duty to solicit orders and forward them when received to the home office for execution. The corporation maintained headquarters in New York together with this oth-er corporation; the rent and stenographer's wages being apportioned between them. Its name was on the office door and in the telephone directory. In its advertisements the company held itself out as having a New York City office. The corporation had samples of its products at the New York office. The Supreme Court held that the facts disclosed were insufficient to support the allegation that the appellee had a regular and established place of business in New York City within the intendment of the statute." 54 F.2d at page 938.

It should also be observed that the service of the complaint in New York on the president of Houseware Sales Corporation did not give this court in personam jurisdiction of the defendant corporation since it does not appear that the defendant was "doing business" in New York so as to authorize service of process on its agent. See Davega, Inc., v. Lincoln Furniture Mfg. Co., Inc., 2 Cir., 1928, 29 F.2d 164.

Defendant's motion to dismiss the action and quash the summons is granted.

So ordered.