**TRANSMIRRA PRODUCTS CORP. and Robert Aronstein, Plaintiffs-Appellants,**

v.

**FOURCO GLASS CO., Defendant-Appellee.**

**No. 399, Docket 23836.**

United States Court of Appeals Second Circuit.

Submitted June 10, 1957.

Decided July 31, 1957.

Joseph Leary Delaney, of Delaney & Donoghue, New York City, for defendant-appellant.

William D. Walsh, Asst. U. S. Atty., S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., and Robert Kirtland, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

Aronstein & Aronstein, New York City (Robert Aronstein, Stanley N. Ohlbaum, and William B. Aronstein, New York City, of counsel), for plaintiffs-appellants.

Robert E. Burns, New York City, and Edward S. Irons, Washington, D. C. (James P. Burns and Vernon H. Doane, Washington, D. C., and Charles B. Johnson, Clarksburg, W. Va., of counsel), for defendant-appellee.

Before CLARK, Chief Judge, and HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

█ On remand to us by the Supreme Court of the United States, Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786, reversing our decision, Transmirra Products Corp. v. Fourco Glass Co., 2 Cir., 233 F.2d 885, which had reversed Judge Dawson's dismissal of this action for patent infringement, D.C.S.D.N.Y., 133 F.Supp. 531, the sole question is whether the trial judge erred in his holding that venue was lacking below. But we find no error in the finding that defendant, Fourco Glass Co., did not commit acts of infringement in the Southern District of New York. There was no showing that Fourco's asserted collusion with the Radio Corporation of America in developing "Filterglass" or the sale of "Vid-O-Lite" for an infringing purpose ever occurred in this district.

The distribution of the booklet here was not an example of actively inducing infringement within the meaning of 35 U.S.C. § 271(b), because plaintiffs failed to carry their burden of showing that the glass advertised was "not a staple article * * * suitable for substantial noninfringing use," 35 U.S.C. § 271(c), or that the booklet represented an effort to advertise the defendant's glass for use in a manner to infringe the Aronstein patent.

█ Nor was there error in the decision to determine this preliminary issue of venue in the usual manner on affidavits, here supplemented by answers to interrogatories, and a deposition from one of the defendant's employees in the district, rather than by a full trial. See F.R.Civ.P., Form 19, 2d par., and the various cases cited in 2 Moore's Federal Practice 2248, 2249, n. 8 (2d Ed. 1948), as well as Land v. Dollar, 330 U.S. 731, 735, note 4, 67 S.Ct. 1009, 91 L.Ed. 1209, and cases there cited. The court's conclusion that plaintiffs had already had ample opportunity to make a showing of venue was quite reasonable, and its denial of the belated motion for further depositions was not error.

Affirmed.