John F. MASTANTUONO and Frank Vilardi, Plaintiffs,

v.

JACOBSEN MANUFACTURING COMPANY, Defendant.

United States District Court
S. D. New York.

June 2, 1960.

James P. Malone, Mineola, N. Y., for plaintiffs.

Kane, Dalsimer & Kane, by Emil Scheller, New York City, Arthur J. Hansmann, Racine, Wis., for defendant.

MacMAHON, District Judge.

Defendant moves to dismiss this action on the ground of improper venue. The complaint seeks an injunction and damages for alleged infringement of plaintiffs' patent on a grass catcher attachment for lawn mowers.

Plaintiffs are citizens of New York State, residing in Nassau County. Defendant, a Wisconsin corporation with its principal place of business in Racine, is engaged in the manufacture and sale of lawn mowers and related items.

Plaintiffs contend that the Southern District of New York is the proper venue because defendant is doing business within the State of New York and that, in any event, defendant's designation of the New York Secretary of State as its agent for service of process is an effective waiver of venue privilege. It is obvious from these contentions that plaintiffs have mistakenly relied on the general corporate venue statute, 28 U.S.C. § 1391 (c).[1]

Actions for patent infringement, however, are governed solely and exclusively by a special provision, 28 U.S.C. § 1400(b), and not by the general corporate venue statute. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; 26 Geo.Wash.L.Rev. 117 (1957–1958).

The controlling statute provides:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

Defendant is not a resident of this district but of Wisconsin, the state of its incorporation. Venue, therefore, may not be predicated upon the first criterion set forth in § 1400(b). C-O-Two Fire Equipment Co. v. Barnes, 7 Cir., 1952, 194 F.2d 410, affirmed 344 U. S. 861, 73 S.Ct. 102, 97 L.Ed. 695; Kamkap, Inc. v. Worldsbest Industries, Inc., D.C.S.D.N.Y.1956, 140 F.Supp. 854.

Thus, plaintiffs' only avenue of venue compliance under § 1400(b) lies in establishing that defendant has committed acts of infringement in this district coupled with a showing that defendant has a regular and established place of business within the district. Neither acts of infringement alone, nor the existence of a regular and established place of business alone, will satisfy the venue requirements in a patent suit. Both conditions must concur to meet the statutory

1. § 1391(c) provides:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

criteria. Phillips v. Baker, 9 Cir., 1941, 121 F.2d 752; Jones v. Radio Corporation of America, D.C.S.D.N.Y.1955, 129 F.Supp. 440.

■ It is unnecessary to consider whether defendant has committed acts of infringement within the district for as will appear plaintiffs have failed to show that defendant has a regular and established place of business within the district.

■ Mere "doing business" in a district is not of itself sufficient to confer venue in patent suits. Something more is required. It must appear that a defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control. Phillips v. Baker, supra.

Plaintiffs base their contention that defendant has a regular and established place of business in this district on a showing that in qualifying to do business in the State of New York under § 210 of the New York General Corporation Law, McKinney's Consol.Laws, c. 23, defendant designated 120 Broadway, Room 332, New York 5, N. Y., as its office within the State for receiving notice of process; that defendant exhibited its grass catcher and offered it for sale at the New York Coliseum during a national hardware show, and that defendant has salesmen within the Southern District of New York. Plaintiffs also assert that defendant has listings in the yellow pages of the Westchester and Nassau telephone books.

■ Plaintiffs do not even suggest that any business whatever is transacted at the office given in the designation filed with the New York Secretary of State. There is no showing that defendant's salesmen conduct any business from that address or any other location within this district. Nor is there any showing that defendant paid for the listings in the Westchester telephone directory or that any of the addresses there listed function as defendant's regular and established

place of business. Mere telephone listings are not sufficient to subject the defendant to a patent infringement action in this district. Kamkap, Inc. v. Worldsbest Industries, Inc., supra. Listings in the Nassau telephone directory are immaterial as that county is not within the Southern District of New York.

Against this meager showing, the opposing affidavits indicate that the defendant neither owns, leases or controls any place of business within the district and that the address which it designated as the place where it would receive process is merely the office of the Corporation Trust Company. It also appears that defendant neither manufactures, stores, nor sells its products in this district. Sales are consummated in Wisconsin upon defendant's acceptance of orders placed with defendant's salemen by independent dealers.

■ The exhibition of the alleged infringing product at the national hardware show in this district is not in any way probative of the existence of a regular and established place of business within the district. New Wrinkle, Inc. v. Fritz, D.C.W.D.N.Y.1939, 30 F.Supp. 89. These tenuous connections are altogether insufficient to establish a "regular and established place of business" prerequisite to venue under § 1400(b). Bradford Novelty Co. v. Manheim, D.C.S.D.N.Y. 1957, 156 F.Supp. 489.

■ Defendant has not, by the mere designation of the New York Secretary of State to receive process, waived its right under § 1400(b). Nor is it estopped from asserting that it does not maintain a regular place of business within the District. Fruit Industries, Ltd. v. Metro Glass Bottle Co., D.C.D. N.J.1937, 18 F.Supp. 489; Fourco Glass Co. v. Transmirra Products Corp., supra; Jones v. Radio Corporation of America, supra.

■ The burden of proving proper venue is on the plaintiff. Rava v. Westinghouse Electric Corp., D.C.S.D.N.Y.

1950, 90 F.Supp. 707. Plaintiffs have failed to meet that burden here.

Accordingly, the motion to quash the summons and dismiss the action is granted. So ordered.