CLEARASITE HEADWEAR, INC., Plaintiff,

v.

PARAMOUNT CAP MANUFACTURING CO., Inc., Defendant.

United States District Court
S. D. New York.
April 9, 1962.

Irving Seidman, New York City, for plaintiff.

Patterson, Eagle, Greenough & Day, New York City, Ralph W. Kalish, St. Louis, Mo., of counsel, for defendant.

EDELSTEIN, District Judge.

This is an action for alleged patent infringement. Defendant has moved, pursuant to Rule 12(b) (3), Federal Rules of Civil Procedure, 28 U.S.C., to dismiss the complaint on the ground that plaintiff has failed to comply with the venue requirements of 28 U.S.C. § 1400 (b).

Since plaintiff has chosen to submit no affidavit in opposition to the motion, defendant's affidavits in support thereof stand uncontradicted. Defendant is a Missouri corporation with its office and principal place of business in the State of Missouri. Defendant does not maintain a bank account in New York, nor is it licensed to do business in the State of New York. Defendant has not shipped and does not ship its merchandise into the City of New York. Mr. S. J. Wallach, the person served with the summons and complaint, is a commission salesman who solicits orders for the merchandise lines of defendant corporation among others. Mr. Wallach is not a salaried employee of defendant. His remuneration is on a commission basis except for a limited travel allowance when he is on the road covering his sales territory. Mr. Wallach maintains an office in New York City for which he pays all the expenses. Mr. Wallach, at his own expense, has caused the name of the corporation to be listed on the door of his office and in the New York telephone directory. All orders solicited by Mr. Wallach are forwarded to Missouri for acceptance and consummation. Payment is made directly to the corporation in Missouri.

Venue in patent infringement actions is governed exclusively by 28 U. S.C. § 1400(b). Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). That section provides as follows:

> Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.

Clearly, the first requirement of § 1400 (b) is not met here. Defendant is a resident of Missouri, the state of its incorporation and its principal place of business. Fourco Glass Co. v. Transmirra Products Corp., supra, 353 U.S. at 226, 77 S.Ct. at 790; Mastantuono v. Jacobsen Mfg. Co., 184 F.Supp. 178, 179 (S.D.N.Y.1960); Kamkap, Inc. v. Worldsbest Industries, Inc., 140 F.Supp. 854, 856 (S.D.N.Y.1956). The second criterion of § 1400(b) is in the conjunctive, and plaintiff must show that both elements are present in this district in order to predicate venue here. General

Radio Co. v. Superior Elec. Co., 293 F.2d 949, 951 (1st Cir. 1961); Phillips v. Baker, 121 F.2d 752, 755 (9th Cir.), cert. denied 314 U.S. 688, 62 S.Ct. 301, 86 L. Ed. 551 (1941); Mastantuono v. Jacobsen Mfg. Co., supra, 184 F.Supp. at 179–180.

The complaint alleges an act of infringement in this district. A patent may be infringed by manufacture, use or sale, 35 U.S.C. § 271, and the complaint alleges sale of caps in this district. Defendant's affidavit indicates, however, that orders are accepted in Missouri. Since it has been held, under similar facts, that when an order is accepted at the defendant's home office, the sale is consummated there, it is questionable whether an act of infringement took place in this district. See W. S. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808 (1915); Kamkap, Inc. v. Worldsbest Industries, Inc., supra. Defendant does not, however, bottom its motion on this point, being content to leave plaintiff to its proof.

The critical issue is thus whether defendant has "a regular and established place of business" in the Southern District of New York. Plaintiff has cited no cases whatsoever in support of its contention that the facts at bar constitute the maintenance by defendant of a regular and established place of business in New York. Furthermore, plaintiff's argument that no case has defined "regular and established place of business" is clearly without foundation. Since the burden of proving that venue is properly laid rests with plaintiff, Mastantuono v. Jacobsen Mfg. Co., supra, 184 F.Supp. at 180, this court could grant the motion to dismiss without any further discussion, based on plaintiff's failure to bear its burden. Consideration of the leading authorities only serves to reinforce the conclusion that plaintiff's position is singularly without merit.

"Mere 'doing business' in a district is not of itself sufficient to confer venue in patent suits. Something more is required. It must appear that a defendant is regularly engaged in carrying on a substantial part of its ordinary business on a permanent basis in a physical location within the district over which it exercises some measure of control." Mastantuono v. Jacobsen Mfg. Co., supra, 184 F.Supp. at 180; Phillips v. Baker, supra, 121 F.2d at 755–756 and cases there cited. In cases where the facts have shown greater contacts with the forum than the instant fact pattern, the courts have dismissed for improper venue. See, e. g., W. S. Tyler Co. v. Ludlow Saylor Wire Co., supra; Harris-Intertype Corp. v. Photon, Inc., 185 F.Supp. 525 (S.D.N.Y.1960); Mastantuono v. Jacobsen Mfg. Co., supra; Elevator Supplies Co. v. Wagner Mfg. Co., 54 F.2d 937 (S.D.N.Y.1931). The tenuous contacts of defendant with this district simply do not bring it within the statutory requirement of a *regular* and *established* place of business in the Southern District of New York.

Accordingly, the motion is granted and the complaint will be dismissed. Settle Order on notice within ten (10) days.