Fern CRUM, Plaintiff,

v.

Russell GRAHAM and Fay Graham, his wife, Defendants.

No. 930.

United States District Court
D. Montana,
Missoula Division.

Feb. 27, 1963.

Vernon Hoven, Missoula, Mont., for plaintiff.

Jeremy G. Thane, Missoula, Mont., for defendants.

MURRAY, Chief Judge.

In this personal injury action commenced in the United States District Court for the District of Montana by plaintiff, a citizen of Montana, against defendants, citizens of Oregon, service of process was attempted to be made on defendants by having the U. S. Marshal for the District of Oregon deliver the summons and copy of the complaint to defendants at their residence in North Bend, Oregon. Defendants first appeared by a motion to dismiss upon the ground that the complaint failed to state a claim upon which relief could be granted, and upon denial of that motion defendants filed an answer.

Included in the answer were the defenses of (1) lack of personal jurisdiction over defendants, (2) insufficient service of process, and (3) lack of jurisdiction over the subject matter. At a pretrial conference these defenses were discussed, and it was agreed the court should consider and rule on these defenses before proceeding further with the case, because if the defenses or any of them are good, the case must be dismissed. The parties were granted time within which to file additional briefs in support of and in opposition to said defenses, and the court has now considered said briefs.

The third defense that the court lacks jurisdiction over the subject matter is based on the allegation in the complaint that plaintiff was damaged in the "sum of $10,000, costs, interests and disbursements". Defendants contend that this allegation does not show the requisite amount in controversy to confer jurisdiction on this court. Plaintiff, while maintaining that the allegation is sufficient as it stands, also seeks leave to amend the complaint by increasing the amount prayed for to $20,000, costs, interest and disbursements. The court would be inclined to permit such amendment, but in view of the ruling on the other two defenses, the amendment would avail plaintiff nothing since the action must be dismissed.

Under the provisions of Rule 4 (f) of the Federal Rules of Civil Procedure, the territorial limits for the effective service of the process of this court in this case is the State of Montana, and the attempted service of the defendants in the State of Oregon was ineffective and insufficient to confer upon the court jurisdiction over the persons of the defendants. This is conceded by plaintiff, but she contends that the defenses of lack of jurisdiction over the persons of defendants and insufficiency of service of process were waived by the defendants under the provisions of Rule 12(g) and (h) when they failed to include these defenses in their original motion to dismiss.

Rule 12(b) provides that the defenses of lack of jurisdiction over the person, insufficiency of service of process, and failure to state a claim upon which relief may be granted, among others, may, at the option of the pleader, be made by motion. Rule 12(g) permits the consolidation of defenses in a motion and provides that if a motion is made under this rule and does not include all of the

defenses and objections then available which the rule permits to be made by motion, the party shall not thereafter be permitted to make a motion based on any of the defenses or objections omitted from the original motion, with certain exceptions not here material. Finally Rule 12(h) provides "A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or, if he has made no motion, in his answer or reply", again with certain exceptions not material here.

As plaintiff points out, numerous cases have held that under these provisions of Rule 12, the failure to include all of the defenses referred to in Rule 12(b) in a motion when a motion is made results in a waiver of the defenses not included, and the omitted defenses may not thereafter be set up in the answer. Text writers (Barron & Holtzoff, Fed. Practice & Procedure, Vol. 1A, § 370, and Moore's Federal Practice, Vol. 2, § 12.23) agree that this is the better view. However, the Court of Appeals for the Ninth Circuit in Phillips v. Baker, 121 F.2d 752 (1941), a case which has never been overruled in the Circuit, held to the contrary. In the Phillips case the court said:

"Subdivision (g) makes provisions for the joining of all available motions permitted by Rule 12, and, for the obvious purpose of avoiding forced delays, prohibits bringing by separate motion any of the omitted defenses which were theretofore available, but this subdivision does not forbid one to raise, in his answer any of the omitted defenses."

Plaintiff seeks to distinguish the Phillips case from the instant case by pointing out that the first motion in that case was for a more definite statement rather than a motion to dismiss for failure to state a claim upon which relief could be granted as was filed here, but the broad language above quoted indicates that the court intended the ruling to apply to any of the defenses which

Rule 12 permits to be made by motion. So while the court agrees with much of the criticism leveled against Phillips v. Baker in subsequent cases in other circuits and by the text writers, that case establishes the rule in this circuit and this court must follow it, and hold that there was no waiver here of the defenses of lack of jurisdiction over the persons of the defendants and insufficiency of service of process.

Inasmuch as the record in this case establishes the defenses of lack of jurisdiction over the persons of defendants and insufficiency of service of process, the action must be dismissed, and it is so ordered.